QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jeffery D. McFarland (Cal. Bar No. 157628)
  *jeffmcfarland@quinnemanuel.com*
  Shahin Rezvani (Cal. Bar No. 199614)
  *shahinrezvani@quinnemanuel.com*
  Aaron Perahia (Cal. Bar No. 304554)
  *aaronperahia@quinnemanuel.com*
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Plaintiff Farhad Safinia

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FARHAD SAFINIA, an individual,<br><br>             Plaintiff,<br><br>      vs.<br><br>VOLTAGE PICTURES, LLC, a California limited liability company; VOLTAGE PRODUCTIONS, LLC, a Nevada limited liability company; CHRISTCHURCH PRODUCTIONS DAC, an Ireland designated activity company; NICOLAS CHARTIER, an individual; and DOES 1 through 100, inclusive,<br><br>             Defendants. | Case No. 2:17-cv-06902<br><br>**COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 106, *ET SEQ*.); and**<br><br>**2. DEFAMATION (LIBEL) *PER SE* (CAL. CIVIL CODE §§ 45, 45a).**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Farhad Safinia ("Mr. Safinia"), for his complaint against defendants Voltage Pictures, LLC, Voltage Productions, LLC (together, "Voltage"), Christchurch Productions DAC ("Christchurch"), Nicolas Chartier ("Chartier"), and Does 1 through 100 (collectively, "Defendants"), alleges as follows:

## NATURE OF THIS ACTION

1. In this action, Mr. Safinia seeks damages, injunctive relief, and other relief for Defendants' willful copyright infringement and malicious defamation.

2. Without Mr. Safinia's permission or consent, Defendants prepared, distributed, displayed, and offered for sale an unauthorized derivative work from Mr. Safinia's copyrighted screenplay entitled, *The Professor and The Madman*. Defendants engaged in the foregoing violations of Mr. Safinia's rights with full knowledge that Mr. Safinia does not consent to unauthorized use of his copyrighted screenplay, and with full knowledge that their activities will damage Mr. Safinia.

3. Adding insult to injury, Defendants subsequently defamed Mr. Safinia in an attempt to distract from their illicit conduct and further their infringement. Defendants willfully, maliciously, and falsely made disparaging remarks about Mr. Safinia, which were intended to discredit Mr. Safinia and sully his professional reputation as a writer and director.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 1367(a) because the Court has original jurisdiction over Mr. Safinia's claim for copyright infringement arising under 17 U.S.C. § 101, *et seq.*, and supplemental jurisdiction over Mr. Safinia's claim arising under California law.

5. The Court has personal jurisdiction over Defendants because they reside in, conduct business in, and/or have continuous and systematic contacts with persons or entities in this district.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants reside in this district and/or a substantial part of the events and omissions giving rise to Mr. Safinia's claim occurred in this district. Venue also is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(a) because Defendants and/or their agents are subject to personal jurisdiction in this district and/or reside in this district.

## PARTIES

7. Mr. Safinia is, and at all times mentioned herein was, an individual residing in and who is engaged in and doing business in the Los Angeles County, California.

8. Mr. Safinia is informed and believes, and on that basis alleges, that Voltage Pictures, LLC is, and at all relevant times mentioned herein was, a limited liability company organized and existing under the laws of the State of California, and residing and conducting business in Los Angeles County, California.

9. Mr. Safinia is informed and believes, and on that basis alleges, that Voltage Productions, LLC is, and at all relevant times mentioned herein was, a limited liability company organized and existing under the laws of the State of Nevada, and residing and conducting business in Los Angeles County, California.

10. Mr. Safinia is informed and believes, and on that basis alleges, that Christchurch is, and at all relevant times mentioned herein was, a designated activity company organized and existing under the laws of the Republic of Ireland with its principal place of business in Los Angeles County, California.

11. Mr. Safinia is informed and believes, and on that basis alleges, that Chartier is, and at all relevant times mentioned herein was, an individual residing within Los Angeles County, California. Mr. Safinia is informed and believes, and on that basis alleges, that Chartier is, and at all relevant times mentioned herein was, the sole manager and chief executive officer of Voltage, and that Voltage, in turn, was, and is, the sole stakeholder in Christchurch.

12. The true names and capacities, whether individual, corporate, associate, or otherwise, of the fictitiously named defendants Does 1 through 100, inclusive, are unknown to Mr. Safinia at this time. Therefore, Mr. Safinia sues these defendants by such fictitious names and will seek leave of court to amend this complaint to show their true names and capacities when their names have been ascertained. Mr. Safinia is informed and believes, and on that basis alleges, that each of the defendants designated herein as a Doe is responsible in some manner for the events and happening and the damages suffered by Mr. Safinia, as herein alleged, as well as proximately caused such damages described herein. Further, each Doe defendant is, and at all times mentioned was, a resident of California and/or authorized to do business, and conduct said business in, the State of California.

13. Mr. Safinia is informed and believes, and on that basis alleges, that, at all relevant times mentioned herein, Defendants, and each of them, were acting in concert or participation with each other, or were joint participants and collaborators in the acts complained of, and were the agents or employees of the others in doing the acts complained of herein, each and all acting within the course and scope of the agency of and/or employment by the others, and each and all acting in concert one with the other and all together.

14. Mr. Safinia is informed and believes, and on that basis alleges, that, at all relevant times mentioned herein, Defendants, and each of them, were, and are, the agents, servants, alter egos and/or employees of each of the other Defendants, and all the things alleged to have been done by Defendants were done in the capacity of and as agent, servant, alter ego and/or employee of and for the other Defendants, with their knowledge, approval, and ratification.

**FACTUAL BACKGROUND**

15. Mr. Safinia is a successful Hollywood writer, producer, and director. Mr. Safinia's past works include the Academy Award nominated motion picture *Apocalypto*, which he co-wrote and co-produced with director Mel Gibson, as well

as the Golden Globe nominated television series *Boss*, which he created and executive produced.

16.  Mr. Safinia's latest work is about the origins of the Oxford English Dictionary.  In 2016, Mr. Safinia wrote the screenplay for the work, entitled *The Professor and The Madman* (the "Screenplay"), and subsequently directed the Screenplay into a motion picture.  Mel Gibson is cast as professor James Murray, who began compiling the Oxford English Dictionary in 1857 and led the overseeing committee.  Sean Penn is cast as Dr. William Chester Minor, who submitted more than 10,000 entries while he was an inmate at an asylum for the criminally insane.

17.  Mr. Safinia registered the Screenplay for copyright protection with the United States Copyright Office on August 4, 2017.  A true and correct copy of the Certificate of Registration of the Screenplay, No. PAu003847498, is attached as Exhibit A and, by this reference, is incorporated herein as though set forth at length.

18.  Mr. Safinia is, and has been since on or about September 14, 2016, the holder of all rights to the Screenplay and any and all derivative works from the Screenplay.  Notwithstanding those rights, Mr. Safinia is informed and believes, and on that basis alleges, that Defendants prepared an unauthorized derivative work from the Screenplay in the form of a motion picture, which Defendants entitled, *The Professor and the Madman* (the "Unauthorized Derivative Work").  In addition, Mr. Safinia is informed and believes, and on that basis alleges, that Defendants have distributed, displayed, and offered for sale the Unauthorized Derivative Work, and that Defendants continue to distribute, display, and offer for sale the Unauthorized Derivative Work.

19.  By their unlawful acts alleged herein, Defendants have, without authorization, consent, permission, or license, usurped Mr. Safinia's right to make and commercially exploit derivative works from the Screenplay, which is a right granted exclusively to Mr. Safinia under 17 U.S.C. § 501.

20. Worse yet, to divert attention from their wrongdoing and further their infringement, Defendants made disparaging remarks about Mr. Safinia. Defendants willfully and maliciously defamed Mr. Safinia with the intent of disparaging his good name and diminishing his standing in his profession.

21. Following news reports of Defendants' misconduct in connection with *The Professor and the Madman*, on or about August 18, 2017, Defendants made the following false statement about Mr. Safinia:

> We had sincerely hoped to have an excellent relationship with Mel Gibson and his company on "The Professor and The Madman," but Mr. Gibson and the film's director consistently failed to live up to their professional and contractual responsibilities to Voltage. Voltage intends to vigorously defend itself in the lawsuit and we are confident Voltage will ultimately be fully vindicated.

22. Mr. Safinia is informed and believes, and on that basis alleges, that Defendants disseminated their lie to third parties in the entertainment industry and others in Mr. Safinia's broader community, including major newspapers such as the *Los Angeles Times*. Just as Defendants intended, their bogus statement has since been reported and repeated many times.

23. Defendants' false statement, which refers to "the film's director," clearly defames Mr. Safinia. Mr. Safinia is, in fact, the film's director. Moreover, third parties in the entertainment industry and the broader community have long known of Mr. Safinia's role as the film's director, which has been reported by countless media outlets for years. Indeed, even the *Los Angeles Times* article that republished Defendants' statement refers to Mr. Safinia as "the movie's director."

24. Although Defendants' story is unequivocally false and fabricated, Mr. Safinia is informed and believes, and on that basis alleges, the third parties to whom Defendants' statement was published reasonably understood it to mean Mr. Safinia

failed to live up to his professional and contractual obligations in his professional role as the film's director, among other things.

25. Defendants intentionally made and published the false and defamatory statement with actual malice, knowledge of, and/or reckless disregard as to the falsity of those statements because Defendants knew Mr. Safinia has in fact lived up to all his professional responsibilities to Defendants. Moreover, no contract was concluded or signed by Mr. Safinia, on the one hand, and Defendants, on the other. Thus, the assertion Mr. Safinia "consistently failed to live up to" his "contractual responsibilities to Voltage" is demonstratively and patently false.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement – 17 U.S.C. §§ 106, *et seq*.

### (Direct, Contributory, and Vicarious)

### (Against All Defendants)

26. Mr. Safinia repeats and re-alleges each and every allegation contained in Paragraphs 1 through 25, above, as though fully set forth herein.

27. Mr. Safinia owns the copyright in the Screenplay, which is an original work of authorship that is fixed in tangible media of expression. Thus, Mr. Safinia holds all rights to any and all derivative works from the Screenplay. Mr. Safinia registered the Screenplay for copyright protection with the United States Copyright Office on August 4, 2017. A true and correct copy of the Certificate of Registration of the Screenplay, No. PAu003847498, is attached as Exhibit A and, by this reference, is incorporated herein as though set forth at length.

28. Mr. Safinia is informed and believes, and on that basis alleges, that Defendants have prepared, displayed, distributed, and offered for sale the Unauthorized Derivative Work, and Defendants continue to do so, all without Mr. Safinia's authorization, consent, permission, or license. In so doing, Defendants have violated Mr. Safinia's exclusive right to control distribution and reproduction of the Screenplay, and to create works deriving therefrom, as articulated in 17

1 U.S.C. § 106. Accordingly, Defendants have infringed Mr. Safinia's rights in the
2 Screenplay under 17 U.S.C. § 501.

3     29.    Defendants' infringements and substantial contributions to the
4 infringement of Mr. Safinia's copyrighted work have been committed knowingly
5 without Mr. Safinia's consent for commercial purposes and for Defendants'
6 financial gain. Furthermore, Defendants failed to exercise their right and ability to
7 supervise persons within their control to prevent such persons from infringing Mr.
8 Safinia's copyrighted work and did so with the intent to further their financial
9 interest in the infringement of Mr. Safinia's copyrighted work. Accordingly,
10 Defendants have directly, contributorily, and vicariously infringed Mr. Safinia's
11 copyrighted work.

12     30.    By virtue of Defendants' infringing acts, Mr. Safinia is entitled to
13 recover Mr. Safinia's actual damages and Defendants' profits in an amount to be
14 proved at trial, Mr. Safinia's attorneys' fees and costs of suit, and all other relief
15 allowed under the Copyright Act.

16     31.    Defendants' infringement has caused, and continues to cause,
17 irreparable harm to Mr. Safinia, for which Mr. Safinia has no adequate remedy at
18 law. Unless this Court restrains Defendants from continuing its infringing activity
19 in violation of 17 U.S.C. §§ 106 and 501, those injuries will continue to occur.
20 Accordingly, Mr. Safinia is entitled to preliminary and permanent injunctive relief
21 restraining Defendants from further infringement.

## SECOND CLAIM FOR RELIEF

### Defamation (Libel) *Per Se* – Cal. Civil Code §§ 45, 45a

### (Against All Defendants)

25     32.    Mr. Safinia repeats and re-alleges each and every allegation contained
26 in Paragraphs 1 through 31, above, as though fully set forth herein.

7

33. At all times mentioned herein before Defendants' false statement, Mr. Safinia enjoyed a good reputation, both personally and professionally, in the entertainment industry and the broader community.

34. On or about August 18, 2017, Defendants made and published a false and defamatory statement concerning Mr. Safinia to one or more third parties. Among other things, Defendants' statement said:

> We had sincerely hoped to have an excellent relationship with Mel Gibson and his company on "The Professor and The Madman," but Mr. Gibson and the film's director consistently failed to live up to their professional and contractual responsibilities to Voltage.

35. Mr. Safinia is informed and believes, and on that basis alleges, that the third parties to whom Defendants' statement was published reasonably understood the statement to refer to Mr. Safinia. Defendants' statement, which refers to Mr. Safinia as "the film's director," clearly identifies Mr. Safinia by description and circumstance because, among other things: (i) Mr. Safinia is the film's director; (ii) third parties have long known of Mr. Safinia's role as the film's director; and (iii) the media has reported Mr. Safinia's role as the film's director for many years.

36. Defendants' false statement was defamatory on its face because, among other things: (i) it had a tendency to directly injure Mr. Safinia in his occupation by imputing to him general disqualification in those respects which his occupation peculiarly requires and other undesirable characteristics that naturally tend to reduce his profits in his occupation, including portraying Mr. Safinia as one who regularly flouts legal duties, persistently lacks the capacity to perform and discharge business duties, and is consistently incompetent, unprofessional, untrustworthy, irresponsible, and unreliable; (ii) it exposed Mr. Safinia to hatred, disgust, contempt, disgrace, scorn, ridicule, and obloquy among considerable and respectable segments of the entertainment industry and the broader community, including from the media

coverage of and public reaction to the false statement; and (iii) it caused Mr. Safinia to be shunned and/or avoided by others in the entertainment industry and the broader community.  Mr. Safinia therefore is informed and believes, and on that basis alleges, that the third parties to whom Defendants' statement was published reasonably understood the statement to mean the falsehoods above.

37.     Defendants' defamatory statement was, and is, false and unprivileged. Mr. Safinia never consistently failed to live up to his professional and contractual obligations.  Indeed, no contract was concluded or signed between Mr. Safinia, on the hand, and Defendants, on the other: there are simply no contractual responsibilities Mr. Safinia could or could not "live up to."  Mr. Safinia is informed and believes, and on that basis alleges, that Defendants intentionally made and published their false statement with actual malice because Defendants had knowledge of the falsity of the statement and/or acted with reckless disregard as to truth or falsity of the statement.

38.     Furthermore, Mr. Safinia is informed and believes, and on that basis alleges, that Defendants published their false statement without an honest or reasonable belief in the truth of their statement with malice motivated by ill will toward Mr. Safinia.  In particular, Defendants intended to tarnish Mr. Safinia's good name and diminish his standing in his profession and community in order to further their infringement of his work.  In pursuit of their illicit goal, Defendants also published their statement to the *Los Angeles Times* with the intent and expectation that the newspaper would republish their statement, which in fact occurred.

39.     As a direct and proximate result of Defendants' conduct, Mr. Safinia has suffered, and continues to suffer, injury to his reputation, shame, mortification, and hurt feelings.

40.     As a further direct and proximate result of Defendants' conduct, Mr. Safinia, to his special damage, has suffered, and continues to suffer, substantial actual injuries, including, among other things: pecuniary loss to his property,

business, trade, profession, and occupation; and expenses in salvaging his business and professional relationships as a result of Defendants' defamatory statement. Mr. Safinia is therefore entitled to an award of actual damages in an amount to be proved at trial.

41. Defendants committed the conduct alleged herein maliciously, oppressively, and/or fraudulently, with the wrongful intent of injuring Mr. Safinia's reputation and disgracing and diminishing Mr. Safinia's standing in the community, from an improper and evil motive of discrediting Mr. Safinia and amounting to despicable conduct, and with willful and conscious disregard of Mr. Safinia's rights. Mr. Safinia is therefore entitled to an award of punitive and exemplary damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Safinia prays for judgment in his favor and against Defendants, and each of them, as follows:

A. That Defendants be adjudged to have willfully infringed Mr. Safinia's copyright in the Screenplay in violation of 17 U.S.C. §§ 106 and 501;

B. That Defendants, as well as all persons acting under Defendants' direction, control, permission, or authority, and all persons acting in concert therewith, be preliminarily and permanently enjoined from infringing Mr. Safinia's copyright in the Screenplay, including producing, reproducing, preparing, displaying, performing, distributing, offering for sale derivative works of the Screenplay;

C. That Defendants' items and materials that infringe Mr. Safinia's copyright, as well as Defendants' plates, molds, masters, tapes, film negatives, and other articles by which copies of the works embodied in Mr. Safinia's copyright may be reproduced, be impounded pursuant to 17 U.S.C. § 503(a);

D. That Defendants' items and materials that infringe Mr. Safinia's copyright, as well as Defendants' plates, molds, masters, tapes, film negatives, and other articles by which copies of the works embodied in Mr. Safinia's copyright

may be reproduced, be destroyed pursuant to 17 U.S.C. § 503(b);

E. That Defendants be required to account to Mr. Safinia for all profits derived from their use of the Screenplay and their production, reproduction, preparation, display, performance, and distribution based on the Screenplay in all media, from all sources, worldwide;

F. That Defendants be ordered to pay to Mr. Safinia all damages, including future damages, that he has sustained, or will sustain, as a consequence of the acts complained of herein, and that Mr. Safinia be awarded any profits derived by Defendants as a result of said acts, or as determined by said accounting;

G. That Defendants be ordered to pay Mr. Safinia punitive damages;

H. That Defendants be ordered to pay to Mr. Safinia the full costs of this action and Mr. Safinia's reasonable attorneys' fees and expenses;

I. That Defendants be ordered to pay to Mr. Safinia pre-judgment and post-judgment interest on all applicable damages; and

J. That Mr. Safinia have such other and further relief as the Court deems just and proper.

DATED: September 19, 2017  QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Jeffery D. McFarland*
   Jeffery D. McFarland
   Shahin Rezvani
   Aaron Perahia
   Attorneys for Plaintiff
   Farhad Safinia

# DEMAND FOR JURY TRIAL

Plaintiff Farhad Safinia hereby demands trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38(b).

DATED: September 19, 2017   QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Jeffery D. McFarland*
Jeffery D. McFarland
Shahin Rezvani
Aaron Perahia
Attorneys for Plaintiff
Farhad Safinia

# Exhibit A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Acting United States Register of Copyrights and Director

**Registration Number**

**PAu 3-847-498**

Effective Date of Registration:
August 04, 2017

## Title

**Title of Work:** The Professor And The Madman

## Completion/Publication

**Year of Completion:** 2016

## Author

- **Author:** Farhad Safinia
  **Author Created:** text, Adapted Screenplay
  **Domiciled in:** United States
  **Year Born:** 1975

## Copyright Claimant

**Copyright Claimant:** Farhad Safinia
21000 Colina Drive, Topanga, CA, 90290, United States

## Limitation of copyright claim

**Material excluded from this claim:** text, The professor and the madman : a tale of murder, insanity, and the making of the Oxford English Dictionary / Simon Winchester, used by permission
**Previous registration and year:** TX0004848251, 1998
**New material included in claim:** text, Adapted Screenplay

## Rights and Permissions

**Organization Name:** Quinn Emanuel Urquhart & Sullivan, LLP
**Name:** Aaron Perahia
**Email:** aaronperahia@quinnemanuel.com
**Telephone:** (213)443-3146
**Address:** 865 S. Figueroa St.
10th Fl.
Los Angeles, CA 90017 United States

## Certification

Page 1 of 2

**EXHIBIT A TO COMPLAINT**

Name: Aaron Perahia
Date: August 04, 2017

Correspondence: Yes

