UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 17-06902-CBM-RAO | Date | September 22, 2017 |
|---|---|---|---|

| Title | *Farhad Safinia v. Voltage Pictures, LLC, et al.* |
|---|---|

Present: The Honorable   CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**   **IN CHAMBERS- RE: PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

The matter before the Court is Plaintiff's *Ex Parte* Application for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction. (Dkt. No. 6 ("Appl.").) Defendants filed an Opposition. (Dkt. No. 12.)

On September 19, 2017, Plaintiff filed a complaint against Voltage Pictures, LLC, Voltage Productions, LLC, Christchurch Productions DAC, and Nicolas Chartier, asserting the following two causes of action: (1) copyright infringement, pursuant to 17 U.S.C. §§ 106, *et seq*; and (2) defamation (libel) *per se*, pursuant to Cal. Civil Code §§ 45, 45a. (Dkt. No. 1.) In August and September 2016, Plaintiff wrote a screenplay adaptation of Simon Winchester's novel, *The Professor and the Madman*, a story about the creation of the Oxford English Dictionary.

Plaintiff's Application seeks to enjoin Defendants from "copying, circulating, displaying, distributing, or transferring" their film or any derivative work which is based upon Plaintiff's 2016 screenplay. (Appl. at 8.) Plaintiff also requests an Order to Show Cause why a preliminary injunction should not issue immediately after the TRO expires, to continue enjoining the defendants and those in concert with them from further acts of infringement pending final adjudication of the merits. (Appl. at 10.)

Plaintiff fails to satisfy the necessary four-prong test for a temporary restraining order or preliminary injunction. "A plaintiff seeking a preliminary injunction must show that: (1) [he] is likely to succeed on the merits, (2) [he] is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in [his] favor, and (4) an injunction is in the public interest." *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) (citing *Winter v. NRDC*, 555 U.S. 7, 24 (2008)); *see also*

*Garavito v. JP Morgan Chase Bank NA*, SACV 12-1885 DOC, 2012 WL 5379181 (C.D. Cal. Oct. 30, 2012) ("The standard for granting a temporary restraining order is identical to the standard for issuing a preliminary injunction.").

First, Plaintiff fails to show likelihood of success on the merits. To establish copyright infringement, Plaintiff must prove two elements: "(1) ownership of a valid copyright and (2) copying of constituent elements of the works that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (citation omitted). Plaintiff provides evidence of a certificate of registration for his 2016 screenplay, which is *prima facie* evidence of the validity of the copyright. *See* 17 U.S.C. § 401(c); *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989). However, Defendant submits evidence that Plaintiff signed a "work made for hire" agreement, transferring his rights to the screenplay to a third-party production company affiliated with Defendants. (Declaration of Nicolas Chartier ("Chartier Decl.") ¶¶ 6, 8, Exs. E, F.) In "work made for hire" agreements, "the employer or other person for whom the work was prepared is considered the author . . . and . . . owns all the rights in the copyright." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003) (citing 17 U.S.C. 201(b)). Thus, Plaintiff fails to demonstrate ownership of a valid copyright.

Second, Plaintiff fails to demonstrate that he is likely to suffer irreparable harm absent a preliminary injunction. Plaintiff has not provided sufficient evidence that he will suffer harm to his reputation simply because he is identified as the screenwriter and director of the film in various promotional materials. *See Herb Reed Enterprises, LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013) ("Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm."); *Titaness Light Shop, LLC v. Sunlight Supply, Inc.*, 585 Fed. App'x 390, 391 (9th Cir. 2014) (unpublished) (holding that "the fact that [plaintiff's] reputation might be harmed by the marketing of [defendant's] productions did not establish that irreparable harm to [plaintiff's] reputation is likely").[1] Nor does Plaintiff provide any evidence that the value of his screenplay will diminish if Defendants are not enjoined immediately. Defendants have not finished editing the film and do not anticipate distribution before the end of 2017. (Opp'n. at 22; Chartier Decl. ¶ 29.)

Accordingly, the Application is hereby **DENIED**.

**IT IS SO ORDERED.**

---

[1] Plaintiff also offers no evidence that he is likely to succeed on his state law claim for defamation.