1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FARHAD SAFINIA, an individual,

      Plaintiff,

vs.

VOLTAGE PICTURES, LLC, *et al.*

      Defendants.

Case No.:  CV 17-6902-CBM-RAO

**ORDER RE: DEFENDANTS'
MOTION TO DISMISS PURSUANT
TO FRCP 12(B)(6), OR IN THE
ALTERNATIVE, FOR SUMMARY
JUDGMENT**

The matter before the Court is Defendants Voltage Pictures, LLC, Voltage Productions, LLC, Christchurch Productions DAC, and Nicolas Chartier[1] (collectively, "Defendants'") Motion to Dismiss Pursuant to FRCP 12(b)(6), or in the Alternative, For Summary Judgment (the "Motion").  (Dkt. No. 21.)

## I.    BACKGROUND

On September 19, 2017, Plaintiff Farhad Safinia filed a complaint against Defendants asserting two causes of action:  (1) copyright infringement, 17 U.S.C. §§ 106 *et seq*.; and (2) defamation (libel) per se, Cal. Civ. Code §§ 45, 45a.  (Dkt. No. 1.)  This lawsuit arises from Defendants' alleged distribution, display and offer for sale of Plaintiff's 2016 copyrighted screenplay, *The Professor and the Madman* (the "Screenplay"), and Defendants' alleged defamatory remarks about Plaintiff.  (Compl. ¶¶ 2, 3.)  On September 20, 2017, Plaintiff filed an ex parte application for a temporary restraining order ("TRO") to preliminarily enjoin

1

1  Defendants from copying, circulating, displaying, distributing, or transferring their

2  film or any derivative work which is based upon Plaintiff's Screenplay.  (Dkt. No.

3  6.)  The Court denied the ex parte application on September 22, 2017.  (Dkt. No.

4  14.)

5  **II.     DISCUSSION**

6  **A.     Defendants' Motion To Dismiss Pursuant to FRCP 12(b)(6)**

7  Defendants move to dismiss Plaintiff's first cause of action for copyright

8  infringement on the ground Plaintiff has no standing to assert that claim because

9  he is not the owner of the Screenplay or any other script on which Defendants'

10  film is based.[1]

11  "For purposes of ruling on a motion to dismiss for want of standing, both

12  the trial and reviewing courts must accept as true all material allegations of the

13  complaint, and must construe the complaint in favor of the complaining party."

14  *Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 867 (9th Cir. 2002) (citations

15  omitted).  Here, the Complaint alleges Plaintiff "owns the copyright in the

16  Screenplay," Plaintiff registered the Screenplay for copyright protection with the

17  U.S. Copyright Office, Defendants prepared an unauthorized derivative work from

18  the Screenplay in the form of a motion picture, and Defendants have "distributed,

19  displayed, and offered for sale the Unauthorized Derivative Work," and "continue

20  to distribute, display, and offer for sale the Unauthorized Derivative Work."

21  (Compl. ¶¶ 16-18, 27-28.)  Accordingly, the Court finds Plaintiff has alleged facts

22  establishing standing for his copyright infringement claim.

23  Defendants request that the Court take judicial notice of a declaration by

24  Plaintiff and a Certificate of Authorship ("CAO") attached to Plaintiff's

25  declaration as a matter of public record, which were previously filed by Plaintiff

26  _____

27  [1] To state a claim for copyright infringement, a plaintiff must allege:  "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340,

28  361 (1991).

1    with this Court in connection with the TRO.  (Dkt. No. 6-2.)  Defendants argue the

2    COA demonstrates Plaintiff does not own the Screenplay.  While the Court may

3    take judicial notice of the fact that Plaintiff filed a declaration and the COA, the

4    Court cannot take judicial notice of the truth of the contents therein for purposes

5    of ruling on Defendants' Motion To Dismiss pursuant to Rule 12(b)(6).  *Lee v.*

6    *City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).  Therefore, the Court

7    cannot make a determination on the issue of ownership of the Screenplay as a

8    matter of law at this stage.

9        Accordingly, the Court denies Defendants' Motion To Dismiss Pursuant to

10   FRCP 12(b)(6).

11   **B.    Defendants' Motion For Summary Judgment**

12       Alternatively, Defendants move for summary judgment on Plaintiff's

13   copyright claim pursuant.

14       Federal Rule of Civil Procedure 12(d) provides:  "If, on a motion under

15   Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not

16   excluded by the court, the motion must be treated as one for summary judgment

17   under Rule 56.  All parties must be given a reasonable opportunity to present all

18   the material that is pertinent to the motion."  Rule 56(d) further provides:  "If a

19   nonmovant shows by affidavit or declaration that, for specified reasons, it cannot

20   present facts essential to justify its opposition [to a motion for summary

21   judgment], the court may:  (1) defer considering the motion or deny it; (2) allow

22   time to obtain affidavits or declarations or to take discovery; or (3) issue any other

23   appropriate order."  Fed. R. Civ. P. 56(d).

24       This action is in its early stages.  The Rule 26(f) conference has not been

25   set, the parties have not been allowed to conduct discovery, and Plaintiff has not

26   had an opportunity to conduct any discovery to oppose Defendants' Motion for

27   Summary Judgment.  *See* Fed. R. Civ. P. 26(d)(1).  Moreover, Plaintiff's counsel

28   filed a declaration attesting to specific discovery necessary for Plaintiff to oppose

1  Defendants' Motion for Summary Judgment.  Accordingly, the Court finds

2  Plaintiff has met its burden of demonstrating additional discovery is needed

3  pursuant to Rules 12(d) and 56(d).

4        Therefore, the Court denies Defendants' Motion for Summary Judgment

5  without prejudice as premature.  *See Burlington N. Santa Fe R. Co. v. Assiniboine*

6  *& Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003)

7  (where summary judgment motion is filed early in the litigation "before a party

8  has had any realistic opportunity to pursue discovery relating to its theory of the

9  case," a district court should "freely" defer or deny such a motion).

## III.   CONCLUSION

11      Accordingly, the Court:

12          (1)    **DENIES** Defendants' Motion to Dismiss; and

13          (2)    **DENIES** Defendants' alternative Motion for Summary

14              Judgment without prejudice.

16      **IT IS SO ORDERED.**

18  DATED:  December 7, 2017.

                                              CONSUELO B. MARSHALL

19                                                UNITED STATES DISTRICT JUDGE