# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARHAD SAFINIA, an individual,<br><br>    Plaintiff,<br>vs.<br>VOLTAGE PICTURES, LLC, *et al.*<br><br>    Defendants. | Case No.:  CV 17-6902-CBM-RAO<br><br>**ORDER RE: DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S DEFAMATION CLAIM PURSUANT TO CAL. CIV. CODE 425.16** |

    The matter before the Court is Defendants Voltage Pictures, LLC, Voltage Productions, LLC, Christchurch Productions DAC, and Nicolas Chartier[1] (collectively, "Defendants'") Motion to Strike Plaintiff's Defamation Claim Pursuant to Cal. Civ. Code § 425.16 (the "Motion"). (Dkt. No. 17.)

    Plaintiff's Complaint against Defendants asserts two causes of action:  (1) copyright infringement, 17 U.S.C. §§ 106 *et seq.*; and (2) defamation (libel) per se, Cal. Civ. Code §§ 45, 45a. (Dkt. No. 1.)  The Complaint alleges this Court has original jurisdiction over Plaintiff's federal copyright claim and supplemental jurisdiction over Plaintiff's defamation claim. (Compl. ¶ 4.)  The Complaint does not allege diversity jurisdiction.

    "[A] court shall have supplemental jurisdiction over state law claims if those claims are so related to the claims with original jurisdiction that they form

part of the same case or controversy." 28 U.S.C. § 1367(a); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) ("The state and federal claims must derive from a common nucleus of operative fact."). Here, Plaintiff's federal copyright infringement claim arises from Defendants' alleged distribution, display, and offer for sale of the Film based on Plaintiff's copyrighted screenplay, whereas Plaintiff's defamation claim arises from Defendants' alleged disparaging remarks about Plaintiff regarding his purported failure to meet contractual obligations. (Compl. ¶¶ 2, 3.)

      At the hearing on the Motion, the Court raised the issue of whether it had jurisdiction over Plaintiff's defamation claim, which does not appear to arise from a common nucleus of fact with Plaintiff's federal copyright claim. The parties were heard on the jurisdictional issue raised by the Court, and declined the Court's invitation to file further briefing on the issue.[1]

      The Court finds Plaintiff's second cause of action for defamation is not part of the same case or controversy as Plaintiff's federal copyright claim because it does not derive from a common nucleus of operative facts. Therefore, Plaintiff's second cause of action for defamation is **DISMISSED WITHOUT PREJUDICE** to refiling in a court with proper jurisdiction. *See White v. Deloitte & Touche*, 553 F. App'x 754, 755 (9th Cir. 2014) ("The district court properly dismissed White's state law claims against Gap, Inc. for lack of subject matter jurisdiction because those claims did not share a common nucleus of fact with White's Fair Credit Reporting Act claim, the only claim over which federal jurisdiction existed.") (citing 28 U.S.C. § 1367(a)).

///

///

///

---

[1] Plaintiff stated at the hearing that diversity jurisdiction is not a jurisdictional basis for this action.

Accordingly, Defendants' Motion to Strike Plaintiff's Defamation Claim Pursuant to Cal. Civ. Code § 425.16 is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED: December 7, 2017.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

3