QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jeffery D. McFarland (Bar No. 157628)
  jeffmcfarland@quinnemanuel.com
  Shahin Rezvani (Bar No. 199614)
  shahinrezvani@quinnemanuel.com
  Aaron Perahia (Bar No. 304554)
  aaronperahia@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443 3000
Facsimile:  (213) 443 3100

*Attorneys for Plaintiff and Counterclaim Defendant Farhad Safinia*

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FARHAD SAFINIA, an individual,<br><br>        Plaintiff,<br><br>        vs.<br><br>VOLTAGE PICTURES, LLC, a California limited liability company; VOLTAGE PRODUCTIONS, LLC, a Nevada limited liability company; CHRISTCHURCH PRODUCTIONS DAC, an Ireland designated activity company; NICOLAS CHARTIER, an individual; and DOES 1 through 100, inclusive,<br><br>        Defendants,<br><br>AND RELATED COUNTERCLAIM. | Case No. 2:17-cv-06902-CBM (RAOx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF FARHAD SAFINIA'S *EX PARTE* APPLICATION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION TO BE HEARD AT THE PRE-TRIAL CONFERENCE**<br><br>[*Ex Parte* Application, supporting Declaration of Aaron Perahia, and [Proposed] Order filed concurrently; Motion for Reconsideration, supporting Declaration of Aaron Perahia, and [Proposed] Order lodged concurrently]<br><br>Judge: Hon. Consuelo B. Marshall |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### <u>Introduction</u>

On March 20, 2019 the Court ruled in favor of Defendants and Counterclaimants, holding the 2007 Certificate of Authorship ("COA") signed by Plaintiff Farhad Safinia was not reasonably susceptible to differing meanings, but rather was enforceable and divested any rights Mr. Safinia could claim in his 2016 Screenplay entitled *The Professor and the Madman*.  But in so doing, the Court failed to consider material facts before it.  And, more importantly, by so doing, the Court made the COA -- a contract for Mr. Safinia's personal services -- extend far past the seven-year limit on such contracts imposed by *California Labor Code* section 2855, rendering the COA void and unenforceable pursuant to California law and the State's stated policy interest in protecting individuals from employment "in perpetuity."  The Court's interpretation of the COA further flies in the face of California contract law which provides: "*A contract must receive such an interpretation as will make it lawful, operative*, definite, reasonable, *and capable of being carried into effect*, if it can be done without violating the intention of the parties."  Cal. Civ. Code § 1643 (emphasis added).  The Court should thus reconsider its ruling pursuant to Local Rule 7-18, as the ruling cannot stand.

Trial on the counterclaims remains scheduled for April 29, 2019, and the deadline set for hearing noticed motions has passed.  Thus, Mr. Safinia applies *ex parte* for an order allowing his motion for reconsideration to be heard at the Pre-Trial Conference, currently set for April 16, 2019, at 2:30 p.m.  ECF No. 170.

### <u>Facts Material to the Application</u>

On March 20, 2019, the Court issued its ruling granting Defendants' motion for summary judgment and denying Mr. Safinia's motion for partial summary judgment.  ECF No. 183.  The Court rendered its ruling after the deadline it set for noticed motions to be heard.  ECF No. 74 ("Last day for hearings on Motions shall

be set for oral argument on or before January 29, 2019 at 10:00 a.m.").  To wit, the
Court ruled:

> The express language of the COA, however, does not limit its
> application to only a single rewrite in 2007, nor provide that the COA
> would not apply to future writings by Plaintiff after 2007.  Therefore,
> the COA is not "reasonably susceptible" to the interpretation proffered
> by Plaintiff. *See* Cal. Civ. Code § 1638 ("The language of a contract is
> to govern its interpretation, if the language is clear and explicit, and
> does not involve an absurdity.");7 *Parsons v. Bristol Dev. Co.*, 62 Cal.
> 2d 861, 865 (1965) ("Extrinsic evidence is admissible to interpret the
> instrument, but not to give it a meaning to which it is not reasonably
> susceptible.").

ECF No. 183.  Implicit in the Court's ruling is the finding that the COA is
enforceable against Mr. Safinia.

The Final Pre-trial Conference is set for March 26, 2019, at 2:30 p.m.  *Id*.
Thus the Court's scheduling order and the Local Rules' timing requirements for
noticed motions currently bar Mr. Safinia from moving for reconsideration, which
necessitate this *ex parte* application.

Pursuant to Local Rule 7-19, on March 25, 2018, Jeremiah T. Reynolds of
Eisner (address: 9601 Wilshire Boulevard, 7th Floor, Beverly Hills, California
90210; telephone: (310) 855-3200)), counsel of record for Defendants and
Counterclaimants, was given notice of this *ex parte* application.  Declaration of
Aaron Perahia dated March 26, 2019, ¶2 and Exh. A.  On March 25, Mr. Reynolds
stated Defendants will oppose the Application.  *Id*. ¶3 and Exh. B.

## **Argument**

## I.    GOOD CAUSE SUPPORTS HEARING THE MOTION FOR RECONSIDERATION AT THE PRE-TRIAL CONFERENCE

Hearing the motion for reconsideration will promote judicial economy and
conserve the resources of the Court, the parties, and the jury.  As it stands now, trial
will commence on counterclaims which include breach of the COA.  ECF No. 76 at

4:8-15 (Order re: Jurisdiction over Counterclaims entered February 26, 2018).  But for the reasons stated below, the COA -- as the Court currently construes it -- is void and unenforceable under California law.  Thus, the Court, the parties, and the jury will waste their time on a trial to enforce an otherwise void contract.  This should not strike anyone as good use of time.

Importantly, Mr. Safinia does not ask to delay of trial.  Rather he proposes the Court reconsider its ruling at Pre-Trial Conference, thus preserving the trial date.  Indeed, should the Court grant him to leave to file his reconsideration motion, Mr. Safinia will forgo the right to file a reply brief to avoid moving the trial date.

## II.   THE COURT MAY PROPERLY RECONSIDER ITS RULING

Local Rule 7-18 expressly authorizes the Court to reconsider its ruling when there exists "a manifest showing of a failure to consider material facts presented to the Court before such decision."  Although reconsideration is not common, it is not unheard of, either.  *See, e.g.*, *Bryant v. Gonzalez*, 2012 WL 6012868, at *1 (C.D. Cal. Nov. 28, 2012).

## III.   CALIFORNIA HAS A STATED PUBLIC INTEREST IN RESTRICTING THE ENFORCEABILITY OF PERSONAL SERVICES CONTRACTS TO NOT MORE THAN SEVEN YEARS

*California Labor Code* section 2855, which expresses the State's interest in preventing a contract for personal services to extend beyond seven years, provides:

Except as otherwise provided in subdivision (b), *a contract to render personal service*, other than a contract of apprenticeship as provided in Chapter 4 (commencing with Section 3070), *may not be enforced against the employee beyond seven years from the commencement of service under it.*  Any contract, otherwise valid, to perform or render service of a special, unique, unusual, extraordinary, or intellectual character, which gives it peculiar value and the loss of which cannot be reasonably or adequately compensated in damages in an action at law, may nevertheless be enforced against the person contracting to render the service, for a term not to exceed seven years from the

> commencement of service under it. If the employee voluntarily
> continues to serve under it beyond that time, the contract may be
> referred to as affording a presumptive measure of the compensation.

*Cal. Labor Code* Section 2855(a) (emphasis added).  Indeed, the State's interest in forbidding "perpetual" contracts for personal services is so important California courts have ruled the protections of *Labor Code* Section 2855 are not waivable.  *De Haviland v. Warner Bros. Pictures*, 67 Cal. App. 2d 225, 237 (1944) ("The limitation of the life of personal service contracts and the employee's rights thereunder *could not be waived*.") (emphasis added); *see also de la Hoya v. Top Rank, Inc.*, 2001 WL 34624886, at *14 (C.D. Cal. Feb. 6, 2001) ("The right conferred by section 2855(a) is created in the public interest and is not waivable, directly or indirectly. [….]  De La Hoya has been continuously obligated to provide such services to Top Rank for more than seven years.  To bind him to Top Rank any longer would violate section 2855(a).  Therefore, the Top Rank Contract between De La Hoya and Top Rank is void and unenforceable.") (applying California law)..  Thus, an agreement purporting to bind a person past seven years is void and unenforceable.  *De Havilland*, 67 Cal. App. 2d at 238; *de la Hoya*, *supra*.

Indeed, such a contract remains void and unenforceable even if it does not require the person's continuous, full-time service.  *Foxx v. Williams*, 244 Cal. App. 2d 223, 243 (1966).  In that case, the California Court of Appeal held

> We are mindful that this contract did not call for full-time employment,
> and that the greater part of Foxx' time was devoted to his other calling
> as a night-club entertainer.  Although this fact may to some extent
> dilute the policy considerations discussed in the *DeHavilland* opinion
> (67 Cal.App.2d at p. 235, 153 P.2d 983), the statute makes no
> distinction between full-time and part-time employment.

*Foxx*, 244 Cal. App. 2d at 242.  The *Foxx* court went to hold "[a]lthough Foxx' contract did not require his continuous performance, the relationship of the parties,

as shown by the evidence, compels the conclusion that this is a 'contract to render personal service' which is subject to the seven-year limitation." *Id*. at 243.

## IV. BY FAILING TO CONSIDER MATERIALS FACTS THE COURT ERRONEOUSLY RULED THE COA IS ENFORCEABLE LONG PAST THE SEVEN YEAR RULE

In opposing Defendants' motion for summary judgement, Mr. Safinia submitted the COA and its text as evidence:

> 7.     The COA provided, among other things, that Airborne engaged Mr. Safinia "to render writing services in connection with the pre-existing screenplay entitled 'The Professor and the Madman,'" and that "the results and product of all such services [. . .] will be a 'work made for hire'[.]" **Support:** Safinia Decl., Exh. A.

> 8.     The COA limits the scope of Mr. Safinia's engagement to his writing services on the 2001 screenplay, which was the only "pre-existing screenplay" at the time:

>> I, Farhad Safinia, hereby certify that I have been engaged by Airborne Productions, Inc. ("Company") to render writing services in connection with the pre-existing screenplay entitled "The Professor and the Madman" based on the book of the same name (the "Project").

> **Support:** Safinia Decl., Exh. A.

> 9.     The COA then provides that any work Mr. Safinia creates *in connection with that engagement* would be deemed a work-made-for-hire and owned by Airborne:

>> In connection therewith, I hereby represent, warrant and agree that (a) my services are rendered for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged; (b) the results and product of all such services, including, without limitation, all writings, notes, ideas, characters, situations, themes and plots I contribute in connection with the Project, (collectively, the "Work") are and will be

deemed to have been specifically ordered or commissioned by Company for use as part of a motion picture or other audio visual work; (c) such results and product are and will be a "work made for hire" within the meaning of the United States Copyright Act; and (d) Company shall be deemed to be the author thereof and the owner of all rights therein and of all proceeds derived therefrom and in connection therewith, with the right to make such changes therein and such uses and disposition thereof, in whole or in part, as Company may from time to time determine as the author and owner thereof.

**Support:** Safinia Decl., Exh. A.

ECF No. 134-1 (Farhad Safinia's Statement of Genuine Disputes of Material Fact in Opposition to Defendants' Motion for Summary Judgment filed October 23, 2018) at 1:23-2:18; ECF No. 138 (Declaration of Farhad Safinia in Opposition to Defendants' Motion for Summary Judgment filed October 23, 2018), ¶3 and Exh. A thereto at 1, ¶1.  Mr. Safinia also submitted evidence showing he completed a revision of the then-existing screenplay before he left Icon in 2009:

13.   The revising took months, and he created several drafts along the way, but Mr. Safinia had finished the 2007 revision by the time he left Icon in 2009.  **Support:** Safinia Decl. ¶4

ECF No. 134-1 (Statement of Genuine Issues) at 2:19-21; ECF No. 138 (10/23/18 Safinia Decl.) ¶4; ECF No. 135 (Declaration of Vicki L. Christianson filed October 23, 2018), ¶4.

Had the Court considered the foregoing facts, it would have understood the COA is a contract to render personal service within the meaning of *Labor Code* section 2855(a), meaning the only reasonable interpretation of the COA is it does *not* cover work done by Mr. Safinia in 2016 -- *more than seven after the COA's execution*.  And had the Court considered the averments about Mr. Safinia starting work under the COA in 2007 and completing that work before leaving Icon's

employ in 2009, it would recognized the conduct of the parties to the COA supports an interpretation which would keep the COA from being void and unenforceable.

But as it stands now, the Court has ruled the COA is enforceable, and consequently Mr. Safinia has no right to claim copyright ownership.  ECF No. 183 at 9:8-16, 10:12-17.  As a further consequence, the Court has cleared the way for the counterclaim of breach of the COA to be tried to a jury.  But the Court is in error, per *Labor Code* section 2855(a), *De Haviland*, *Foxx*, and *de la Hoya*, *supra*.  Moreover, the Court's ruling runs afoul of *California Civil Code* section 1643: "*A contract must receive such an interpretation as will make it lawful, operative*, definite, reasonable, *and capable of being carried into effect*, if it can be done without violating the intention of the parties." Cal. Civ. Code § 1643 (emphasis added).  Here, the Court's construction of the COA makes the agreement *unlawful*.

## Conclusion

For the reasons above, Mr. Safinia respectfully requests the Court grant his *ex parte* application and grant him leave to file the Motion for Reconsideration and supporting papers lodged concurrently herewith -- such papers deemed filed March 26, 2019 -- and set the hearing on the Motion for April 16, 2019, at 2:30 p.m. during the Pre-Trial Conference.


DATED: March 26, 2019             QUINN EMANUEL URQUHART &
                                  SULLIVAN. LLP


                                  By_____/s/ Jeffrey D. McFarland_____
                                     Jeffery D. McFarland
                                     Shahin Rezvani
                                     Aaron Perahia
                                     *Attorneys for Plaintiff and Counterclaim*
                                     *Defendant Farhad Safinia*