1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Jeffery D. McFarland (Bar No. 157628)
2  jeffmcfarland@quinnemanuel.com
   Shahin Rezvani (Bar No. 199614)
3  shahinrezvani@quinnemanuel.com
   Aaron Perahia (Bar No. 304554)
4  aaronperahia@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443 3000
6  Facsimile:  (213) 443 3100

7  *Attorneys for Plaintiff and Counterclaim*
   *Defendant Farhad Safinia*

8

9            UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11                WESTERN DIVISION

12 | FARHAD SAFINIA, an individual, | Case No. 2:17-cv-06902-CBM (RAOx) |
|---|---|
| 13 Plaintiff, | **PLAINTIFF FARHAD SAFINIA'S:** |
| 14 vs. | **1) NOTICE OF MOTION AND MOTION FOR RECONSIDERATION TO BE HEARD AT THE PRE-TRIAL CONFERENCE;** |
| 15 VOLTAGE PICTURES, LLC, a California limited liability company; VOLTAGE PRODUCTIONS, LLC, a Nevada limited liability company; CHRISTCHURCH PRODUCTIONS DAC, an Ireland designated activity company; NICOLAS CHARTIER, an individual; and DOES 1 through 100, inclusive, | **2) MEMORANDUM OF POINTS AND AUTHORITIES** |
| | [*Ex Parte* Application, supporting Memorandum of Points and Authorities, supporting Declaration of Aaron Perahia, and [Proposed] Order filed concurrently; Declaration of Aaron Perahia in support of Motion and [Proposed] Order lodged concurrently] |
| Defendants, | |
| AND RELATED COUNTERCLAIM. | [Proposed] Date:   April 16, 2019 [Proposed] Time:   2:30 p.m. Courtroom:          8B |
| | Judge: Hon. Consuelo B. Marshall |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on April 16, 2019, at 2:30 p.m., in Courtroom 8B of the United States District Court for the Central District of California, located at 350 West First Street in Los Angeles, California 90012, plaintiff and counterclaim defendant Farhad Safinia will, and hereby does, move for reconsideration of the Order on Defendants' motion for summary judgment and Mr. Safinia's motion for partial summary judgment (ECF No. 183), pursuant to Local Rule 7-18. For the reasons set forth fully in the Memorandum of Points and Authorities, the Court should grant the Motion for Reconsideration, vacate its order on Defendants' motion for summary judgment (ECF No. 183), and enter a new and different order denying Defendants' motion.

Mr. Safinia makes the Motion on the ground the Court's order rests on "a failure to consider material facts presented to the Court before such decision," namely the words of the Certificate of Authorship ("COA") which state it is a contract for "writing services"; and the averments submitted in opposition to Defendants' summary judgment motion which establish Mr. Safinia commenced work under the COA in 2007, and finished that work by the time he left Icon in 2009. Had the Court considered these facts, it would *not* have ruled the COA applies to Mr. Safinia's work on his 2016 screenplay entitled *The Professor and the Madman*. To rule otherwise as the Court did violates the seven-year limit imposed on contracts to "render personal service," codified at *California Labor Code* section 2855, and applied by courts to hold contracts running afoul of the rule void and unenforceable. *De Haviland v. Warner Bros. Pictures*, 67 Cal. App. 2d 225 (1944);

*Foxx v. Williams*, 244 Cal. App. 2d 223, 243 (1966); *de la Hoya v. Top Rank, Inc.*, 2001 WL 34624886 (C.D. Cal. Feb. 6, 2001).[1]

Moreover, as it now stands, the Court's interpretation runs afoul of California contract law, and specifically *California Civil Code* section 1643: "*A contract must receive such an interpretation as will make it lawful, operative*, definite, reasonable, *and capable of being carried into effect*, if it can be done without violating the intention of the parties." Cal. Civ. Code § 1643 (emphasis added).

Mr. Safinia bases the Motion on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Aaron Perahia, and the exhibits thereto; all pleadings and papers on file in this action, including ECF Nos. 134, 135, 138, and 183; such other evidence or argument as may be presented to the Court; and such other matters of which this Court may take judicial notice.

For the reasons set forth in the concurrently filed *ex parte* application, notice of, and the grounds for, the Motion were provided to opposing counsel on March 25, 2019.

DATED: March 26, 2019          QUINN EMANUEL URQUHART &
                               SULLIVAN. LLP


                               By_____/s/ Jeffrey D. McFarland_____
                                   Jeffery D. McFarland
                                   Shahin Rezvani
                                   Aaron Perahia
                                   *Attorneys for Plaintiff and Counterclaim
                                   Defendant Farhad Safinia*

---

[1]  Copies of the relevant California statues and cases are attached as exhibits to the supporting declaration of Aaron Perahia.

# **TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................... 1

INTRODUCTION ................................................................................................... 1

FACTS MATERIAL TO THE MOTION .............................................................. 2

ARGUMENT .......................................................................................................... 4

I.     THE COURT MAY PROPERLY RECONSIDER ITS RULING ................... 4

II.    CALIFORNIA HAS A STATED PUBLIC INTEREST IN RESTRICTING THE ENFORCEABILITY OF PERSONAL SERVICES CONTRACTS TO NOT MORE THAN SEVEN YEARS .......... 4

III.   BY FAILING TO CONSIDER MATERIALS FACTS THE COURT ERRONEOUSLY RULED THE COA IS ENFORCEABLE LONG PAST THE SEVEN-YEAR RULE .............................................................. 6

CONCLUSION ....................................................................................................... 8

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

*Bryant v. Gonzalez,*
    2012 WL 6012868 (C.D. Cal. Nov. 28, 2012) ................................................4

*De Haviland v. Warner Bros. Pictures,*
    67 Cal. App. 2d 225 (1944) ..................................................... 1, 5, 8

*de la Hoya v. Top Rank, Inc.,*
    2001 WL 34624886 (C.D. Cal. Feb. 6, 2001) ..........................2, 5, 8

*Foxx v. Williams,*
    244 Cal. App. 2d 223 (1966) ...............................................2, 5, 6, 8

*Parsons v. Bristol Dev. Co.,*
    62 Cal. 2d 861 (1965) .........................................................................2

**Statutory Authorities**

Cal. Civ. Code § 1638 ...................................................................................2

Cal. Civ. Code § 1643 .......................................................................... 1, 2, 8

Cal. Lab. Code § 2855 ................................................................. 1, 4, 5, 6, 7, 8

**Rules and Regulations**

Local Rule 7-18 ......................................................................................1, 2, 4

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

On March 20, 2019, the Court ruled in favor of Defendants and Counterclaimants, holding the 2007 Certificate of Authorship ("COA") signed by Plaintiff Farhad Safinia was not reasonably susceptible to differing meanings, but rather was enforceable and divested any rights Mr. Safinia could claim in his 2016 Screenplay entitled *The Professor and the Madman*.  But in so doing, the Court failed to consider material facts before it.  And, more importantly, by so doing, the Court made the COA -- a contract for Mr. Safinia's personal services -- extend far past the seven-year limit *California Labor Code* section 2855 imposes on such agreements, *rendering the COA void and unenforceable pursuant to California law and the State's stated policy interest in protecting individuals from providing personal services "in perpetuity."*

In opposing Defendants' motion, Mr. Safinia submitted the COA whose plain language recites he was to "to render writing services."  He also submitted averments from Vicki Christianson and himself which establish Mr. Safinia commenced work under the COA in 2007, and completed that work prior to leaving Icon's employ in 2009.

But the Court did not consider those facts.  Instead, it ruled the COA covered work Mr. Safinia did in 2016 -- more than seven years after the COA's execution and his commencement of work.  The Court's ruling renders the COA *void and unenforceable*, and courts interpreting *California Labor Code* section 2855 hold the defect is *not waivable* on account of California's state policy interest in protecting individuals from life-long employment contracts.

The Court's interpretation of the COA further flies in the face of California contract law which provides: "*A contract must receive such an interpretation as will make it lawful, operative*, definite, reasonable, *and capable of being carried into effect*, if it can be done without violating the intention of the parties."  *Cal. Civ.*

*Code* § 1643 (emphasis added).  The Court should thus reconsider its ruling pursuant to Local Rule 7-18, as the ruling cannot stand.  It is void, unenforceable, and contrary to California substantive law.

Thus, the Court should grant the Motion for Reconsideration, vacate its order on Defendants' motion for summary judgment (ECF No. 183), and enter a new and different order denying Defendants' motion.

## Facts Material to the Motion

On March 20, 2019, the Court issued its ruling granting Defendants' motion for summary judgment and denying Mr. Safinia's motion for partial summary judgment.  ECF No. 183.  To wit, the Court ruled:

> The express language of the COA, however, does not limit its application to only a single rewrite in 2007, nor provide that the COA would not apply to future writings by Plaintiff after 2007. Therefore, the COA is not "reasonably susceptible" to the interpretation proffered by Plaintiff. *See* Cal. Civ. Code § 1638 ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity.");7 *Parsons v. Bristol Dev. Co.*, 62 Cal. 2d 861, 865 (1965) ("Extrinsic evidence is admissible to interpret the instrument, but not to give it a meaning to which it is not reasonably susceptible.").

ECF No. 183.  Implicit in the Court's ruling is the finding that the COA is enforceable against Mr. Safinia.

However, in opposing Defendants' motion for summary judgment, Mr. Safinia submitted the COA and its text as evidence:

> 7.      The COA provided, among other things, that Airborne engaged Mr. Safinia "to render writing services in connection with the pre-existing screenplay entitled 'The Professor and the Madman,'" and that "the results and product of all such services [. . .] will be a 'work made for hire'[.]"  **Support:** Safinia Decl., Exh. A.

8.      The COA limits the scope of Mr. Safinia's engagement to his writing services on the 2001 screenplay, which was the only "pre-existing screenplay" at the time:

> I, Farhad Safinia, hereby certify that I have been engaged by Airborne Productions, Inc. ("Company") to render writing services in connection with the pre-existing screenplay entitled "The Professor and the Madman" based on the book of the same name (the "Project").

**Support:** Safinia Decl., Exh. A.

9.      The COA then provides that any work Mr. Safinia creates *in connection with that engagement* would be deemed a work-made-for-hire and owned by Airborne:

> In connection therewith, I hereby represent, warrant and agree that (a) my services are rendered for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged; (b) the results and product of all such services, including, without limitation, all writings, notes, ideas, characters, situations, themes and plots I contribute in connection with the Project, (collectively, the "Work") are and will be deemed to have been specifically ordered or commissioned by Company for use as part of a motion picture or other audio visual work; (c) such results and product are and will be a "work made for hire" within the meaning of the United States Copyright Act; and (d) Company shall be deemed to be the author thereof and the owner of all rights therein and of all proceeds derived therefrom and in connection therewith, with the right to make such changes therein and such uses and disposition thereof, in whole or in part, as Company may from time to time determine as the author and owner thereof.

**Support:** Safinia Decl., Exh. A.

ECF No. 134-1 (Farhad Safinia's Statement of Genuine Disputes of Material Fact in Opposition to Defendants' Motion for Summary Judgment filed October 23, 2018) at 1:23-2:18; ECF No. 138 (Declaration of Farhad Safinia in Opposition to

Defendants' Motion for Summary Judgment filed October 23, 2018), ¶3 and Exh. A
thereto at 1, ¶1.  Mr. Safinia also submitted evidence showing he completed a
revision of the then-existing screenplay before he left Icon in 2009:

> 13.    The revising took months, and he created several drafts along the
> way, but Mr. Safinia had finished the 2007 revision by the time he left
> Icon in 2009.  **Support:** Safinia Decl. ¶4

ECF No. 134-1 (Statement of Genuine Issues) at 2:19-21; ECF No. 138 (10/23/18
Safinia Decl.) ¶4; ECF No. 135 (Declaration of Vicki L. Christianson filed October
23, 2018), ¶4.

## <u>Argument</u>

I.    <u>THE COURT MAY PROPERLY RECONSIDER ITS RULING</u>

Local Rule 7-18 expressly authorizes the Court to reconsider its ruling when
there exists "a manifest showing of a failure to consider material facts presented to
the Court before such decision."  Although reconsideration is not common, it is not
unheard of, either.  *See, e.g.*, *Bryant v. Gonzalez*, 2012 WL 6012868, at *1 (C.D.
Cal. Nov. 28, 2012).

II.    <u>CALIFORNIA HAS A STATED PUBLIC INTEREST IN RESTRICTING
THE ENFORCEABILITY OF PERSONAL SERVICES CONTRACTS TO
NOT MORE THAN SEVEN YEARS</u>

*California Labor Code* section 2855, which expresses the State's interest in
preventing a contract for personal services to extend beyond seven years, provides:

> Except as otherwise provided in subdivision (b), *a contract to render
> personal service*, other than a contract of apprenticeship as provided in
> Chapter 4 (commencing with Section 3070), *may not be enforced
> against the employee beyond seven years from the commencement of
> service under it.*  Any contract, otherwise valid, to perform or render
> service of a special, unique, unusual, extraordinary, or intellectual
> character, which gives it peculiar value and the loss of which cannot be
> reasonably or adequately compensated in damages in an action at law,
> may nevertheless be enforced against the person contracting to render

> the service, for a term not to exceed seven years from the commencement of service under it. If the employee voluntarily continues to serve under it beyond that time, the contract may be referred to as affording a presumptive measure of the compensation.

*Cal. Labor Code* § 2855(a) (emphasis added). Indeed the State's interest in forbidding "perpetual" contracts for personal services is so important California courts have ruled the protections of *Labor Code* section 2855 are not waivable. *De Haviland v. Warner Bros. Pictures*, 67 Cal. App. 2d 225, 237 (1944) ("The limitation of the life of personal service contracts and the employee's rights thereunder *could not be waived*.") (emphasis added); *see also de la Hoya v. Top Rank, Inc.*, 2001 WL 34624886, at *14 (C.D. Cal. Feb. 6, 2001) ("The right conferred by section 2855(a) is created in the public interest and is not waivable, directly or indirectly. [….] De La Hoya has been continuously obligated to provide such services to Top Rank for more than seven years. To bind him to Top Rank any longer would violate section 2855(a). Therefore, the Top Rank Contract between De La Hoya and Top Rank is void and unenforceable.") (applying California law). Thus, an agreement purporting to bind a person past seven years is void and unenforceable. *De Haviland*, 67 Cal. App. 2d at 238; *de la Hoya*, *supra*.

Indeed, such a contract remains void and unenforceable even if it does not require the person's continuous, full-time service. *Foxx v. Williams*, 244 Cal. App. 2d 223, 243 (1966). In that case, the California Court of Appeal held:

> We are mindful that this contract did not call for full-time employment, and that the greater part of Foxx' time was devoted to his other calling as a night-club entertainer. Although this fact may to some extent dilute the policy considerations discussed in the *DeHavilland* opinion (67 Cal. App. 2d at p. 235, 153 P.2d 983), the statute makes no distinction between full-time and part-time employment.

*Foxx*, 244 Cal. App. 2d at 242. The *Foxx* court went to hold "[a]lthough Foxx' contract did not require his continuous performance, the relationship of the parties,

as shown by the evidence, compels the conclusion that this is a 'contract to render personal service' which is subject to the seven-year limitation." *Id*. at 243.

III.   BY FAILING TO CONSIDER MATERIALS FACTS THE COURT ERRONEOUSLY RULED THE COA IS ENFORCEABLE LONG PAST THE SEVEN-YEAR RULE

In opposing Defendants' motion for summary judgment, Mr. Safinia submitted the COA and its text as evidence:

7.   The COA provided, among other things, that Airborne engaged Mr. Safinia "to render writing services in connection with the pre-existing screenplay entitled 'The Professor and the Madman,'" and that "the results and product of all such services [. . .] will be a 'work made for hire'[.]"  **Support:** Safinia Decl., Exh. A.

8.   The COA limits the scope of Mr. Safinia's engagement to his writing services on the 2001 screenplay, which was the only "pre-existing screenplay" at the time:

I, Farhad Safinia, hereby certify that I have been engaged by Airborne Productions, Inc. ("Company") to render writing services in connection with the pre-existing screenplay entitled "The Professor and the Madman" based on the book of the same name (the "Project").

**Support:** Safinia Decl., Exh. A.

9.   The COA then provides that any work Mr. Safinia creates *in connection with that engagement* would be deemed a work-made-for-hire and owned by Airborne:

In connection therewith, I hereby represent, warrant and agree that (a) my services are rendered for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged; (b) the results and product of all such services, including, without limitation, all writings, notes, ideas, characters, situations, themes and plots I contribute in connection with the Project, (collectively, the "Work") are and will be

deemed to have been specifically ordered or commissioned by
Company for use as part of a motion picture or other audio visual
work; (c) such results and product are and will be a "work made
for hire" within the meaning of the United States Copyright Act;
and (d) Company shall be deemed to be the author thereof and
the owner of all rights therein and of all proceeds derived
therefrom and in connection therewith, with the right to make
such changes therein and such uses and disposition thereof, in
whole or in part, as Company may from time to time determine
as the author and owner thereof.

**Support:** Safinia Decl., Exh. A.

ECF No. 134-1 (Farhad Safinia's Statement of Genuine Disputes of Material Fact in
Opposition to Defendants' Motion for Summary Judgment filed October 23, 2018)
at 1:23-2:18; ECF No. 138 (Declaration of Farhad Safinia in Opposition to
Defendants' Motion for Summary Judgment filed October 23, 2018), ¶3 and Exh. A
thereto at 1, ¶1.  Mr. Safinia also submitted evidence showing he completed a
revision of the then-existing screenplay before he left Icon in 2009:

13.    The revising took months, and he created several drafts along the
way, but Mr. Safinia had finished the 2007 revision by the time he left
Icon in 2009.  **Support:** Safinia Decl. ¶4

ECF No. 134-1 (Statement of Genuine Issues) at 2:19-21; ECF No. 138 (10/23/18
Safinia Decl.) ¶4; ECF No. 135 (Declaration of Vicki L. Christianson filed October
23, 2018), ¶4.

Had the Court considered the foregoing facts, it would have understood the
COA is a contract to render personal service within the meaning of *Labor Code*
section 2855(a), meaning the only reasonable interpretation of the COA is it does
*not* cover work done by Mr. Safinia in 2016 -- *more than seven after its execution*.
And had the Court considered the averments about Mr. Safinia leaving Icon's
employ in 2009, it would recognized the conduct of the parties to the COA supports
an interpretation which would keep the COA from being void and unenforceable.

But as it stands now, the Court has ruled the COA is enforceable, and consequently Mr. Safinia has no right to claim copyright ownership.  ECF No. 183 at 9:8-16, 10:12-17.  As a further consequence, the Court has cleared the way for the counterclaim of breach of the COA to be tried to a jury.  But the Court is in error, per *Labor Code* Section 2855(a), *De Haviland*, *Foxx*, and *de la Hoya*, *supra*.  Moreover, the Court's ruling runs afoul of *California Civil Code* section 1643: "*A contract must receive such an interpretation as will make it lawful, operative*, definite, reasonable, *and capable of being carried into effect*, if it can be done without violating the intention of the parties."  *Cal. Civ. Code* § 1643 (emphasis added).  Here, the Court's construction of the COA makes the agreement *unlawful*.

## Conclusion

For the reasons above, Mr. Safinia respectfully requests the Court grant the Motion for Reconsideration, vacate its order on Defendants' motion for summary judgment (ECF No. 183), and enter a new and different order denying Defendants' motion.

DATED: March 26, 2019

QUINN EMANUEL URQUHART & SULLIVAN. LLP


By_____*/s/ Jeffrey D. McFarland*_____
    Jeffery D. McFarland
    Shahin Rezvani
    Aaron Perahia
    *Attorneys for Plaintiff and Counterclaim*
    *Defendant Farhad Safinia*