QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jeffery D. McFarland (Bar No. 157628)
  jeffmcfarland@quinnemanuel.com
  Shahin Rezvani (Bar No. 199614)
  shahinrezvani@quinnemanuel.com
  Aaron Perahia (Bar No. 304554)
  aaronperahia@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443 3000
Facsimile:   (213) 443 3100

*Attorneys for Plaintiff and Counterclaim Defendant Farhad Safinia*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FARHAD SAFINIA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VOLTAGE PICTURES, LLC, a California limited liability company; VOLTAGE PRODUCTIONS, LLC, a Nevada limited liability company; CHRISTCHURCH PRODUCTIONS DAC, an Ireland designated activity company; NICOLAS CHARTIER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants.<br><br>RELATED COUNTERCLAIMS. | Case No. 2:17-cv-06902-CBM (RAOx)<br><br>**PLAINTIFF FARHAD SAFINIA'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(1)**<br><br>[Concurrently filed Declaration of Aaron Perahia and [Proposed] Order]<br><br>Date:   April 23, 2019<br>Time:   10:00 a.m.<br>Place:  Courtroom 8B<br>Judge:  Hon. Consuelo B. Marshall<br><br>Pre-trial conference: April 16, 2019<br>Trial date:                  April 30, 2019 |

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, on April 23, 2019, at 10:00 a.m., before the Honorable Consuelo B. Marshall in Courtroom 8B of the United States District Court for the Central District of California, located at 350 West First Street in Los Angeles, California, Plaintiff and Counterclaim Defendant Farhad Safinia will, and hereby does, move the above-entitled Court for an order dismissing all of the claims filed by Defendants, Counter-Claimants, and Third-Party Plaintiff Voltage Pictures, LLC, Voltage Productions, LLC, Christchurch Productions DAC, Nicolas Chartier, and Definition Films DAC (collectively, "Defendants") for lack of subject matter jurisdiction.  In the alternative, Mr. Safinia moves the Court for an order dismissing all of Defendants' state law claims for lack of subject matter jurisdiction.

Mr. Safinia brings the Motion pursuant Rule 12(b)(1) of the *Federal Rules of Civil Procedure*, the applicable case law, and the Court's inherent authority and obligation to ensure it has subject matter jurisdiction at all times in this action, on the ground the Court should dismiss Defendants' claims because, as a result of the Court's dismissal of Mr. Safinia's copyright infringement claim, there is no actual controversy sufficient to support Defendants' declaratory judgment claim, and on the ground that the Court should decline to exercise supplemental jurisdiction over Defendants' state law claims.

Mr. Safinia bases the Motion upon this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the concurrently-filed Declaration of Aaron Perahia; all pleadings and papers on file in this action; such other evidence or arguments as may be presented to the Court; and such other matters of which this Court may take judicial notice.

Mr. Safinia makes the Motion following the conference of counsel pursuant to Local Rule 7-3, which took place on March 14, 2019. Perahia Decl. ¶2.

DATED: March 26, 2019

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Jeffery D. McFarland
    Jeffery D. McFarland
    Shahin Rezvani
    Aaron Perahia
    *Attorneys for Plaintiff and Counterclaim Defendant Farhad Safinia*

# MEMORANDUM OF POINTS AND AUTHORITIES

## Introduction

The Court should dismiss Defendants' claims against Mr. Safinia for lack of subject matter jurisdiction. Because the Court ruled for Defendants on Mr. Safinia's copyright infringement claim, all that remains in this case now are Defendants' federal claim for a declaratory judgment and state claims for breach of contract and tortious interference. As a result of the Court's summary judgment ruling, however, there is no longer an actual dispute between Mr. Safinia and Defendants sufficient to give rise to their declaratory judgment claim. Accordingly, the Court should dismiss the declaratory judgment claim for lack of subject matter jurisdiction, and it should decline to exercise jurisdiction over Defendants' remaining state claims.

Even if the Court does not dismiss the declaratory judgment claim, it should still dismiss Defendants' state claims on the ground they substantially predominate over the declaratory judgment claim. The state claims will involve more and different issues, take more of the Court's and the jury's time and attention, and seek different and greater relief than the declaratory judgment claim. With infringement now off the table, the declaratory judgment claim is mere fodder to the state claims, which make up the gist of this action now.

Dismissing the state claims makes sense, too. The parties' focus in this case so far has been almost exclusively on copyright infringement, and the Court has not issued any substantive rulings on the state claims. At the same time, the parties have been engaged in ongoing litigation in the Los Angeles Superior Court over similar claims related to "The Professor and the Madman," including a number of Defendants' state claims that were dismissed by this Court and re-filed in state court. There is no reason why Defendants could not re-file these state claims in the state case, too. In addition, having all of the state claims heard by the same judge in state court would only promote efficiency, convenience, and comity. Therefore, the Court should dismiss Defendants' claims for lack of subject matter jurisdiction.

**Facts Materials to the Motion**

On September 19, 2017, Mr. Safinia filed a complaint against Defendants asserting causes of action for copyright infringement and defamation. ECF No. 1. The Court subsequently dismissed Mr. Safinia's defamation claim for lack of subject matter jurisdiction. ECF No. 41 at 2.[1]

On December 21, 2017, Defendants filed counterclaims for the following: (1) Declaratory Judgment, (2) Breach of Contract; (3) Intentional Interference with Contractual Relationships; and (4) Intentional Interference with Prospective Economic Relation. ECF No. 42. The first, second, and fourth counterclaims were asserted against Mr. Safinia, and the third and fourth counterclaims were asserted against Icon Productions, LLC, Bruce Davey, and Mel Gibson. *Id.*

On December 22, 2017, the Court issued an order to show cause as to whether it had jurisdiction over Defendants' state claims. ECF No. 43. After the parties responded to the order (ECF Nos. 47, 49), Defendants filed an "Amended Counterclaims and Third Party Complaint." ECF No. 67. On February 26, 2018, the Court dismissed the following claims from the Amended Counter-Complaint: (1) the second counterclaim for breach of contract against Mr. Safinia based on alleged breaches of purported writing and directing agreements; and (2) the third and fourth counterclaims against Icon Productions, LLC, Bruce Davey, and Mel Gibson for Intentional Interference with Contractual Relationships and Intentional Interference with Prospective Economic Relation. ECF No. 76 at 6-7.

On August 3, 2018, Defendants in this action filed a cross-complaint against Messrs. Safinia, Davey, Gibson and others in an ongoing action in the Los Angeles

---

[1] Diversity jurisdiction does not exist as Mr. Safinia and both Voltage entities are California citizens. *See* ECF No. 1 ¶¶7-9 (Complaint alleging Mr. Safinia resides in, and the Voltage entities both have their principal places of business in, Los Angeles County); ECF No. 42 (Amended Answer admitting the allegations in Paragraph 8 and 9 of Mr. Safinia's Complaint).

Superior Court, styled as *Icon Productions, LLC v. Voltage Productions, LLC et al.* In that cross-complaint, Defendants asserted the same state claims that this Court previously dismissed, among other claims.

On March 20, 2019, the Court issued an order granting summary judgment for Defendants on Mr. Safinia's copyright infringement claim. ECF No. 183.

## Argument

### I. LACK OF SUBJECT MATTER JURISDICTION MAY BE RAISED AT ANY TIME.

The question of subject matter jurisdiction "is one which remains open throughout the litigation." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966); *see also Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited. The objections may be resurrected at any point in the litigation, and a valid objection may lead a court midway through briefing to dismiss a complaint in its entirety."); *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("Objections to subject-matter jurisdiction, however, may be raised at any time."); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). Thus, once the "nature of [a plaintiff's] proofs and the relative importance of [a plaintiff's] claims" becomes apparent, the federal court need not "tolerate a litigant's effort to impose upon it what is in effect only a state law case." *Gibbs*, 383 U.S. at 727. "Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed." *Id*.

### II. THE STATE CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE THE ONLY VIABLE CLAIMS THAT REMAIN.

The Court should dismiss the state claims because no other viable claims remain in this action. "Where a district court dismisses a federal claim, leaving only

state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice." *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) (citing *Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989)); *see Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992) ("When federal claims are dismissed before trial . . . pendant state claims also should be dismissed." (quoting *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 651 (9th Cir. 1984)); *see also* 28 U.S.C. § 1367(c)(3) (court may decline supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction").

Although Defendants assert a declaratory judgment claim along with the state claims, the Court no longer has subject matter jurisdiction over the declaratory judgment claim. *See Rhoades v. Avon Prod., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) ("Absent a true case or controversy, a complaint solely for declaratory relief under 28 U.S.C. § 2201 will fail for lack of jurisdiction under Rule 12(b)(1)."). To assert a declaratory judgment claim, a party must show that "there is a substantial controversy between parties having adverse legal interests, and the controversy is of sufficient immediacy and reality to warrant declaratory relief." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1989). In other words, Defendants must have "a real and reasonable apprehension" they will be subject to liability if they continue to use Mr. Safinia's 2016 screenplay. *See id.* at 1556.

Here, Defendants seek a declaration that "the alleged copyright asserted by Safinia in the Screenplay is invalid and unenforceable and [Defendants] have a valid and enforceable copyright in the Screenplay and all of its iterations." ECF No. 67 ¶45. According to Defendants, an "actual justiciable controversy exists by way of the immediate litigation brought by Safinia." *Id.* ¶44. But that is no longer the case. Because the Court ruled Mr. Safinia does not own his 2016 screenplay and may not sue Defendants for infringement (ECF No. 183), Defendants no longer have a real and reasonable apprehension they will be subject to liability in connection with their

use of Mr. Safinia's screenplay. *See, e.g.*, *Crossbow Tech., Inc. v. YH Tech.*, 531 F. Supp. 2d 1117, 1122 (N.D. Cal. 2007) (observing dismissal of infringement claim would weigh strongly against the existence of an actual controversy necessary for a declaratory judgment claim). Simply put, there is no "actual case or controversy" anymore. Accordingly, the declaratory judgment claim should be dismissed for lack of subject matter jurisdiction along with the state claims. *See, e.g.*, *Pharma v. Solux Corp.*, 2013 WL 12108255, at *6 (S.D. Cal. Aug. 30, 2013) (dismissing claim for declaration of non-infringement after finding the opposing party "lacks standing to assert infringement" and thus "the parties no longer have adverse legal interests").

### III. IN ANY EVENT, THE STATE CLAIMS SHOULD BE DISMISSED BECAUSE THEY PREDOMINATE OVER THE DECLARATORY JUDGMENT CLAIM.

Even if the Court does not dismiss the declaratory judgment claim, it should still dismiss the state claims because they predominate over the declaratory judgment claim. *See* 28 U.S.C. § 1367(c)(2) (courts may decline supplemental jurisdiction over a state claim that "substantially predominates over the claim or claims over which the district court has original jurisdiction"). A state claim substantially predominates when it "constitutes the real body of a case, to which the federal claim is only an appendage"—whether "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *Gibbs*, 383 U.S. at 726, 727 (1966).

Here, the state claims make up the "real body of the case" now. The thrust of the state claims is that Mr. Safinia wrongfully claimed ownership of the 2016 screenplay, which allegedly interfered with Defendants' prospective business relations. Those claims, and the issues raised therein, are far broader in scope than the declaratory judgment claim. The discrete issue presented by the declaratory judgment claim—whether Defendants own the copyright—merely lies on the periphery of the core state claims. Because the declaratory judgment claim relates

only to whether Defendants "own the copyright" in the 2016 screenplay, it is nothing more than an "appendage" to the far more comprehensive state law claims, and it can be resolved separately. *Gibbs*, 383 U.S. at 727.

Just as the issues raised in the state claims are broader in scope than those in the declaratory judgment claim, so too are the damages sought. According to Defendants' initial disclosures, Defendants seek $50 million in damages, as well as punitive damages. The declaratory judgment claim does not seek monetary relief, so Defendants' claimed damages pertain entirely to the state claims. Trying the declaratory judgment claim with the state claims would "tend to complicate the facts and confuse the issues to be considered by the jury," who would have "to entertain completely different liability questions and damage awards" on the state claims. *Fontaine v. Home Box Office, Inc.*, 654 F. Supp. 298, 304 (C.D. Cal. 1986) (declining to exercise supplemental jurisdiction over unjust enrichment claim filed with copyright claim); *see also Coelho*, 2012 WL 424387, at *3 (observing that even if there were a common nucleus of operative fact, the court would decline to exercise supplemental jurisdiction because "the copyright issue is mere fodder compared to the remaining contract claims").

Accordingly, the Court should dismiss the state claims from this action because they substantially predominate over the declaratory judgment claim.

## IV. CONSIDERATIONS OF JUDICIAL ECONOMY, CONVENIENCE, FAIRNESS, AND COMITY ALSO SUPPORT DISMISSAL.

In evaluating whether to decline jurisdiction over state claims, courts also consider "the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). Here, these factors strongly favor declining supplemental jurisdiction over the state claims.

The first factor, judicial economy, weighs in favor of dismissal. The parties have focused almost exclusively on the issue of copyright infringement in their discovery and briefs to the Court. The Court has not ruled on any substantive

matters related to the state claims. As such, there will not be any duplicative effort when a state court takes up the state claims. If anything, it would be more efficient to have the state claims heard in state court, where issues related to the state claims have been litigated more thoroughly and where the Court is better apprised of all the facts related thereto.

Convenience also favors dismissal. The parties are also litigating in a pending action in the Los Angeles Superior Court, styled *Icon Productions, LLC, et al. v. Voltage Pictures, LLC, et al.* In that case, Icon sued the same Defendants here for breach of contract with respect to *The Professor and the Madman* motion picture. After the Court dismissed Defendants' other state claims in this action (*see* ECF No. 76), Defendants went ahead and re-filed them in the state case, adding Mr. Safinia as a defendant in that case. It simply makes sense to have these state claims decided by the same court that is deciding the other state claims.

As for fairness, there is nothing unfair or prejudicial about having Defendants litigate these claims in state court. Just as Defendants did when their other state claims were dismissed by this Court, Defendants can always re-file these claims in state court. *See, e.g.*, *Okoro v. City of Oakland*, 142 Cal. App. 4th 306, 311 (1st Dist. 2006) (tolling statutes of limitation after a federal district court dismissed state claims pursuant to section 1367). And, more importantly, it was Defendants who assumed the risk of such an outcome by choosing to assert their state claims in federal court. While they may be less than happy with having to now pursue the those claims in state court, they will have a fair opportunity to do so. For these reasons, fairness to the parties does not require that this Court exercise supplemental jurisdiction over Defendants' state claims.

Finally, respect for comity weighs in favor sending Defendants' state claims to state court. *Gibbs*, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties[.]"). Because a state court will have more familiarity with state law, sending the state

claims to a state court serves the values of fairness and comity by "procuring for [the parties] a surer-footed reading of the applicable [state] law." *Id.*

On balance, the considerations of judicial "economy, convenience, fairness, and comity" weigh heavily in favor of declining supplemental jurisdiction over Defendants' state claims. Accordingly, dismissal of the state claims is warranted.

## Conclusion

For the foregoing reasons, the Court should dismiss all of Defendants' claims for lack of subject matter jurisdiction. Alternatively, if the Court declines to dismiss the declaratory relief claim, it should still dismiss the state claims for lack of subject matter jurisdiction.

DATED: March 26, 2019

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By      */s/ Jeffery D. McFarland*
        Jeffery D. McFarland
        Shahin Rezvani
        Aaron Perahia
*Attorneys for Plaintiff and Counter-Claim Defendant Farhad Safinia*