QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jeffery D. McFarland (Bar No. 157628)
  jeffmcfarland@quinnemanuel.com
  Shahin Rezvani (Bar No. 199614)
  shahinrezvani@quinnemanuel.com
  Aaron Perahia (Bar No. 304554)
  aaronperahia@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443 3000
Facsimile: (213) 443 3100

Attorneys for Plaintiff and Counterclaim Defendant Farhad Safinia

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FARHAD SAFINIA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VOLTAGE PICTURES, LLC, a California limited liability company; VOLTAGE PRODUCTIONS, LLC, a Nevada limited liability company; CHRISTCHURCH PRODUCTIONS DAC, an Ireland designated activity company; NICOLAS CHARTIER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants.<br><br>RELATED COUNTERCLAIMS. | Case No. 2:17-cv-06902-CBM-RAO<br>Assigned to: Hon. Consuelo B. Marshall<br><br>**PLAINTIFF FARHAD SAFINIA'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>[Local Rule 16-4]<br><br>Date: April 16, 2019<br>Time: 10:00 a.m.<br>Place: Courtroom 8B<br>Judge: Hon. Consuelo B. Marshall<br><br>Pre-trial conference: April 16, 2019<br>Trial date: April 30, 2019 |

SAFINIA'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# TABLE OF CONTENTS

MEMORANDUM OF CONTENTIONS OF FACT AND LAW ............................. 1

I. THE PARTIES' CLAIMS AND DEFENSES [L.R. 16-4.1] ......................... 1

    A. Summary of Counter-Claimants' Claims [L.R. 16-4.1(a), (b)] .............. 1

        1. Counter-Claim 1: Declaratory Judgment ...................................... 1

        2. Counter-Claim 2: Breach of Contract ........................................... 1

        3. Counter-Claim 4: Intentional Interference with Prospective Economic Relations ................................................................... 2

    B. Key Evidence In Opposition to Counter-Claimants' Claims [L.R. 16-4.1(c)] ............................................................................................. 3

        1. Counter-Claim 1: Declaratory Judgment ...................................... 3

        2. Counter-Claim 2: Breach of Contract ........................................... 3

        3. Counter-Claim 4: Intentional Interference with Prospective Economic Relations ................................................................... 3

    C. Summary of Safinia's Affirmative Defenses [L.R. 16-4.1(d), (e)] ........ 4

        1. Affirmative Defense 1: Failure to State a Claim (Litigation Privilege) ..................................................................................... 4

        2. Affirmative Defense 2: Unclean Hands ....................................... 4

        3. Affirmative Defense 3: Frustration of Purpose ............................ 4

        4. Affirmative Defense 4: Failure to Mitigate Damages .................. 5

    D. Key Evidence in Support of Safinia's Affirmative Defenses [L.R. 16-4.1(f)] ............................................................................................. 5

        1. Affirmative Defense 1: Failure to State a Claim (Litigation Privilege) ..................................................................................... 5

        2. Affirmative Defense 2: Unclean Hands ....................................... 5

        3. Affirmative Defense 3: Frustration of Purpose ............................ 6

        4. Affirmative Defense 4: Failure to Mitigate Damages .................. 6

    E. Potential Evidentiary Issues and Safinia's Position with Respect Thereto [L.R. 16-4.1(h)] ....................................................................... 6

    F. Issues of Law [L.R. 16-4.1(i)] .............................................................. 8

II. BIFURCATION OF ISSUES [L.R. 16-4.3] ................................................... 8

III. JURY TRIAL [L.R. 16-4.4] ..................................................................................8

IV. ATTORNEYS' FEES [L.R. 16-4.5] ....................................................................8

V. ABANDONMENT OF ISSUES [L.R. 16-4.6] ...................................................9

# TABLE OF AUTHORITIES

**Page**

**Cases**

*A-C Co. v. Security Pacific*,
　173 Cal. App. 3d 462 (1985) ...................................................................... 8

*Advanz Behavorial Mgmt. Res., Inc. v. Miraflor*,
　21 F. Supp. 2d 1179 (C.D. Cal. 1998) ....................................................... 1

*Cal-Agrex, Inc. v. Tussel*,
　2009 WL 981340 (N.D. Cal. April 13, 2009) ........................................... 8

*Cutter Laboratories, Inc. v. Twining*,
　221 Cal. Appl. 2d 302 (1963) .................................................................... 4

*Daubert v. Merrell Dow Pharmaceuticals, Inc*,
　509 U.S. 508 (1993) .................................................................................. 6

*Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*,
　890 F.2d 165 (1989) ............................................................................. 4, 8

*MedImmune, Inc. v. Genetech, Inc.*,
　549 U.S. 118 (2007) .................................................................................. 1

*Mitchell v. Cezan Tires, Ltd.*,
　25 Cal.2d 45 (1944) ................................................................................... 8

*New.Net, Inc. v. Lavasoft*,
　356 F. Supp. 2d 1090 (C.D. Cal. 2004) ..................................................... 8

*Silberg v. Anderson*,
　50 Cal. 3d 205 (1990) ............................................................................... 4

*Unilogic Inc. v. Burroughs Corp.*,
　10 Cal. App. 4th 612 (1963) ...................................................................... 8

**Statutory Authorities**

Cal. Lab. Code § 2855 ........................................................................................ 3

**Other Authorities**

CACI 303 ............................................................................................................ 2

CACI 358 ............................................................................................................ 5

CACI 2022 .......................................................................................................... 2

# MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Pursuant to Local Rule 16-4, Plaintiff and Counter-Claim Defendant Farhad Safinia ("Safinia") submits this memorandum of contentions of fact and law.

## I. THE PARTIES' CLAIMS AND DEFENSES [L.R. 16-4.1]

### A. Summary of Counter-Claimants' Claims [L.R. 16-4.1(a), (b)]

Counter-Claimants assert the following Counter-Claims against Safinia:

#### 1. Counter-Claim 1: Declaratory Judgment

Summary: Counter-Claimants allege they are entitled to an order declaring that Safinia's copyright in the 2016 screenplay is invalid and unenforceable and that Counter-Claimants have a valid and enforceable copyright in the 2016 screenplay and all of its iterations. (ECF No. 67 ¶45; ECF No. 76 at 3:23-28.)

Elements: Because Counter-Claimants seek a declaration that Mr. Safinia's copyright in the 2016 screenplay is invalid and that they own the copyright in the 2016 screenplay and all of its iterations, Counter-Claimants must prove that: (1) Safinia does not own a copyright in the 2016 screenplay; (2) Counter-Claimants obtained ownership of the copyright in the 2016 screenplay and each and every one of its iterations by way of a valid transfer of rights; and (3) Safinia and Counter-Claimants' presently have adverse legal interests concerning ownership of the 2016 screenplay, which constitutes a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

Source: *Advanz Behaviorial Mgmt. Res., Inc. v. Miraflor*, 21 F. Supp. 2d 1179, 1182 (C.D. Cal. 1998) (copyright ownership elements); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (declaratory judgment elements).

#### 2. Counter-Claim 2: Breach of Contract

Summary: Counter-Claimants allege Safinia breached the Certificate of Authorship by registering the copyright in the 2016 screenplay. (ECF No. 67 ¶52; ECF No. 76 at 4:8-15.)

Elements: To establish a claim for breach of contract, Counter-Claimants must prove all of the following: (1) that Safinia and Counter-Claimants are parties to a contract; (2) that Counter-Claimants did all, or substantially all, of the significant things that the contract required them to do or that they were excused from doing those things; (3) that all conditions required by the contract for Safinia's performance had occurred; (4) that Safinia did something that the contract prohibited him from doing; (5) that Counter-Claimants were harmed; and (6) that Safinia's breach of contract was a substantial factor in causing Counter-Claimants' harm.

Source: See CACI 303.

### 3. Counter-Claim 4: Intentional Interference with Prospective Economic Relations

Summary: Counter-Claimants allege Safinia interfered with Counter-Claimants' prospective economic relations by claiming ownership of and registering the copyright in the 2016 screenplay in order to disrupt Counter-Claimants' prospective economic relations with film distributors. (ECF No. 67 ¶ 24, 69-72; ECF 76 at 5:9-18.)

Elements: To establish a claim for intentional interference with prospective economic advantage, Counter-Claimants must prove all of the following: (1) that Counter-Claimants and film distributors were in an economic relationship that probably would have resulted in an economic benefit to Counter-Claimants; (2) that Safinia knew of the relationship; (3) that Safinia engaged in conduct determined by the Court as wrongful as a matter of law; (4) that by engaging in this conduct, Safinia intended to disrupt the relationship or knew that disruption of the relationship was certain or substantially certain to occur; (5) that the relationship was disrupted; (6) that Counter-Claimants were harmed; and (7) that Safinia's conduct was a substantial factor in causing Counter-Claimants' harm.

Source: See CACI 2022.

### B. Key Evidence In Opposition to Counter-Claimants' Claims [L.R. 16-4.1(c)]

#### 1. Counter-Claim 1: Declaratory Judgment

Safinia will rely on the Court's ruling granting summary judgment in favor of Counter-Claimants on his claim for copyright infringement to show that there is no longer any actual case or controversy sufficient to give rise to a claim for a declaratory judgment.

#### 2. Counter-Claim 2: Breach of Contract

Safinia will rely on evidence showing that his claim of ownership and copyright registration of his 2016 screenplay were done in immediate anticipation of bringing this action, and therefore they were a necessary prerequisite of bringing this action and are protected by California's litigation privilege. Safinia will also rely on testimony from himself and Ms. Christianson—the two people who signed the Certificate of Authorship—to show that the Certificate of Authorship was drafted to comply with all laws, that it was only meant to cover Safinia's engagement in 2007, and that they would not have signed if they thought it could be read covering any screenplay Safinia wrote for the *rest of his life* in plain violation of California's seven-year rule under *California Labor Code* section 2855.

#### 3. Counter-Claim 4: Intentional Interference with Prospective Economic Relations

Safinia will rely on evidence showing that his claim of ownership and copyright registration of his 2016 screenplay were done in immediate anticipation of bringing this action, and therefore they were a necessary prerequisite of bringing this action and are protected by California's litigation privilege.

### C. Summary of Safinia's Affirmative Defenses [L.R. 16-4.1(d), (e)]

#### 1. Affirmative Defense 1: Failure to State a Claim (Litigation Privilege)

<u>Summary</u>: Safinia asserts Cross-Claimants' claim for breach of contract is barred by the defense of frustration of purpose.

<u>Elements</u>: To establish a defense of litigation privilege, Safinia must prove all of the following: (1) a communication was made in connection with a judicial or quasi-judicial proceeding; (2) the communication was made by litigants or participants authorized by law; (3) the communication was made to achieve the objects of the litigation; and (4) the communication has some connection or logical relation to the action.

<u>Source</u>: *See Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990).

#### 2. Affirmative Defense 2: Unclean Hands

<u>Summary</u>: Safinia asserts Cross-Claimants' claims for breach of contract and intentional interference with prospective economic relations are barred by the doctrine of unclean hands.

<u>Elements</u>: To establish a defense of unclean hands, Safinia must prove either of the following: (A) Cross-Claimants violated conscience, good faith, or other equitable principles in their prior conduct; or (B) Cross-Claimants directed their hands in acquiring the right presently asserted.

<u>Source</u>: *See Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*, 890 F.2d 165, 173 (9th Cir. 1989) (applying California law).

#### 3. Affirmative Defense 3: Frustration of Purpose

<u>Summary</u>: Safinia asserts Cross-Claimants' claim for breach of contract is barred by the defense of frustration of purpose.

<u>Elements</u>: To establish a defense of frustration of purpose, Safinia must prove all of the following: (1) the fundamental reason of both parties for entering into the contract has been frustrated by an unanticipated supervening circumstance;

-4-
SAFINIA'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

and (2) the value of performance by the party standing on the doctrine has been substantially destroyed.

Source: *Cutter Laboratories, Inc. v. Twining*, 221 Cal. App. 2d 302, 314-315 (1963).

### 4. Affirmative Defense 4: Failure to Mitigate Damages

Summary: Safinia asserts Cross-Claimants' claims for breach of contract and intentional interference with prospective economic relations are barred, either in whole or in part, by the defense of failure to mitigate damages

Elements: To establish a defense of failure to mitigate damages, Safinia must prove Cross-Claimants failed to exercise reasonable care and diligence to avoid loss or minimize the resulting damages.

Source: *See* CACI 358.

### D. Key Evidence in Support of Safinia's Affirmative Defenses [L.R. 16-4.1(f)]

#### 1. Affirmative Defense 1: Failure to State a Claim (Litigation Privilege)

Safinia will rely on testimony and evidence showing that his claims of ownership and registration of the copyright in the 2016 screenplay are protected by California's litigation privilege because they were made in anticipation of judicial proceeding by Safinia in order to achieve the objects of the anticipated proceeding, and they were related to the anticipated proceeding.

#### 2. Affirmative Defense 2: Unclean Hands

Safinia will rely on testimony and evidence showing that Counter-Claimants knew the Certificate of Authorship did not apply to Safinia's 2016 screenplay; that Counter-Claimants did not own the rights to the 2016 screenplay; that Counter-Claimants attempted to obtain the rights to the 2016 screenplay by during failed negotiations over Safinia's writer employment agreement; and that the negotiations over Safinia's writer employment agreement failed because Safinia refused to go

along with Counter-Claimants' proposed fraud on the Republic of Ireland's tax authorities.

### 3. Affirmative Defense 3: Frustration of Purpose

Safinia will rely on testimony and evidence showing that the purpose of the Certificate of Authorship was to contract for Safinia's writing services in connection with his engagement to revise the pre-existing screenplay in 2007, and that it was never intended to apply to 2016 screenplay.

### 4. Affirmative Defense 4: Failure to Mitigate Damages

Safinia will rely on testimony and evidence showing Counter-Claimants failed to mitigate their purported damages arising from Safinia's alleged wrongful conduct because they never attempted to conclude and execute a writer agreement with Safinia for the rights to his 2016 screenplay.

### E. Potential Evidentiary Issues and Safinia's Position with Respect Thereto [L.R. 16-4.1(h)]

The parties have met and conferred to resolve certain evidentiary issues. The parties have filed motions *in limine* relating to the issues they were unable to resolve. In particular, Safinia filed motions to exclude the following evidence:

- Evidence, testimony, and argument of and related to the opinions of Counter-Claimants' expert Christian Mercuri on the ground his opinions are inadmissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 508 (1993), and its progeny, and such matter poses an undue risk of unfair prejudice, confusion of the issues, misleading the jury, unduly delaying the proceeding, and wasting time. (ECF No. 178.)
- Evidence, testimony, and argument related to the payment of Safinia's legal fees or costs in this action or in the action pending the Los Angeles Superior Court entitled *Icon Productions, LLC v. Voltage Productions, LLC et al*, Case No. BC670583, on the ground it is irrelevant to Counter-Claimants' claims and poses an undue risk of unfair prejudice, confusion

of the issues, misleading the jury, unduly delaying the proceeding, and wasting time. (ECF No. 179.)

- Evidence, testimony, and argument related to purported transgressions of Mel Gibson on the ground it is irrelevant to Counter-Claimants' claims and poses an undue risk of unfair prejudice, confusion of the issues, misleading the jury, unduly delaying the proceeding, and wasting time. (ECF No. 180.)

- Evidence, testimony, and argument related to Safinia's pre-litigation communications that are protected by California's litigation privilege on the ground it may not form the basis of Safinia's liability and is thus irrelevant to Counter-Claimants' claims, and it poses an undue risk of unfair prejudice, confusion of the issues, misleading the jury, unduly delaying the proceeding, and wasting time. (ECF No. 181.)

- Evidence, testimony, and argument related to any materials that are responsive to Safinia's Request for Production Nos. 1, 2, 13, 16, 17, 19, 21, 23, 24, 25, 26, and 27, but that Counter-Claimants did not disclose or produce to Safinia in discovery, on the ground Counter-Claimants' failure to produce such material warrants its exclusion at trial. (ECF No. 182.)

In addition to the issues raised in Safinia's motions *in limine*, Counter-Claimants have filed a motion *in limine* to exclude evidence and arguments regarding Counter-Claimants' fraud on the Republic of Ireland's tax authorities. Safinia's position is that such matters are relevant and admissible because they show Counter-Claimants' unclean hands in connection with Counter-Claimants' breach of contract claim; *i.e.*, that Counter-Claimants knew they did not have a valid and enforceable agreement with Safinia, and they refused to conclude and execute such an agreement because Safinia refused to go along with Counter-Claimants' scheme to defraud the Republic of Ireland's tax authorities.

Safinia anticipates that other evidentiary issues will arise during the course of the trial when certain exhibits or testimony are offered, but that these can be addressed at the time of the offering.

### F. Issues of Law [L.R. 16-4.1(i)]

With respect to Counter-Claimants' claim for intentional interference with prospective economic relations, whether Safinia's alleged conduct qualifies as wrongful if proven or is privileged is resolved by the court as a matter of law. *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1114 (C.D. Cal. 2004).

No right to jury trial exists with respect to Safinia's affirmative defenses of unclean hands and frustration of purpose. *Dollar Systems, Inc.*, 890 F.2d at 173 (rescission and unclean hands); *Cal-Agrex, Inc. v. Tussel*, 2009 WL 981340 at *8 (N.D. Cal. April 13, 2009) (unclean hands); *A-C Co. v. Security Pacific*, 173 Cal. App. 3d 462, 474, 219 Cal. Rptr. 62, 69 (1985) (unclean hands); *Unilogic Inc. v. Burroughs Corp.*, 10 Cal. App. 4th 612, 622, 12 Cal. Rptr. 2d 741, 746 (1993) (unclean hands); *Mitchell v. Cezan Tires, Ltd.*, 25 Cal.2d 45, 48, 153 P.2d 53, 54 (1944) (frustration of purpose).

## II. BIFURCATION OF ISSUES [L.R. 16-4.3]

Safinia does not seek bifurcation. Safinia does propose that the Court allow post-trial briefing and argument on his affirmative defenses to be tried by the Court.

## III. JURY TRIAL [L.R. 16-4.4]

Counter-Claimants' claims for breach of contract and intentional interference with prospective economic relations are triable to a jury.

## IV. ATTORNEYS' FEES [L.R. 16-4.5]

Neither Counter-Claimants nor Safinia is entitled to attorneys' fees on the issues set for trial.

V. **ABANDONMENT OF ISSUES [L.R. 16-4.6]**

Safinia abandons the balance of the affirmative defenses asserted in his Answer (ECF No. 71), except for the defenses set forth above.

DATED: March 26, 2019

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Jeffery D. McFarland*
Jeffery D. McFarland
Shahin Rezvani
Aaron Perahia
*Attorneys for Plaintiff and Counter-Claim Defendant Farhad Safinia*