QUINN EMANUEL URQUHART & SULLIVAN, LLP
Jeffery D. McFarland (Bar No. 157628)
jeffmcfarland@quinnemanuel.com
Shahin Rezvani (Bar No. 199614)
shahinrezvani@quinnemanuel.com
Aaron Perahia (Bar No. 304554)
aaronperahia@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443 3000
Facsimile: (213) 443 3100

*Attorneys for Plaintiff and Counterclaim
Defendant Farhad Safinia*

**FILED**
CLERK, U.S. DISTRICT COURT

MARCH 26, 2019

**CENTRAL DISTRICT OF CALIFORNIA**
BY: _____ YS _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FARHAD SAFINIA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VOLTAGE PICTURES, LLC, a California limited liability company; VOLTAGE PRODUCTIONS, LLC, a Nevada limited liability company; CHRISTCHURCH PRODUCTIONS DAC, an Ireland designated activity company; NICOLAS CHARTIER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants,<br><br>AND RELATED COUNTERCLAIM. | Case No. 2:17-cv-06902-CBM (RAOx)<br><br>**PLAINTIFF FARHAD SAFINIA'S:**<br>**1) NOTICE OF MOTION AND MOTION FOR RECONSIDERATION TO BE HEARD AT THE PRE-TRIAL CONFERENCE;**<br>**2) MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Ex Parte* Application, supporting Memorandum of Points and Authorities, supporting Declaration of Aaron Perahia, and [Proposed] Order filed concurrently; Declaration of Aaron Perahia in support of Motion and [Proposed] Order lodged concurrently]<br><br>[Proposed] Date: April 16, 2019<br>[Proposed] Time: 2:30 p.m.<br>Courtroom: 8B<br><br>Judge: Hon. Consuelo B. Marshall |

1

## **NOTICE OF MOTION AND MOTION**

2    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE that, on April 16, 2019, at 2:30 p.m., in Courtroom

4 8B of the United States District Court for the Central District of California, located

5 at 350 West First Street in Los Angeles, California 90012, plaintiff and counterclaim

6 defendant Farhad Safinia will, and hereby does, move for reconsideration of the

7 Order on Defendants' motion for summary judgment and Mr. Safinia's motion for

8 partial summary judgment (ECF No. 183), pursuant to Local Rule 7-18.  For the

9 reasons set forth fully in the Memorandum of Points and Authorities, the Court

10 should grant the Motion for Reconsideration, vacate its order on Defendants' motion

11 for summary judgment (ECF No. 183), and enter a new and different order denying

12 Defendants' motion.

13        Mr. Safinia makes the Motion on the ground the Court's order rests on "a

14 failure to consider material facts presented to the Court before such decision,"

15 namely the words of the Certificate of Authorship ("COA") which state it is a

16 contract for "writing services"; and the averments submitted in opposition to

17 Defendants' summary judgment motion which establish Mr. Safinia commenced

18 work under the COA in 2007, and finished that work by the time he left Icon in

19 2009.  Had the Court considered these facts, it would *not* have ruled the COA

20 applies to Mr. Safinia's work on his 2016 screenplay entitled *The Professor and the*

21 *Madman*.  To rule otherwise as the Court did violates the seven-year limit imposed

22 on contracts to "render personal service," codified at *California Labor Code* section

23 2855, and applied by courts to hold contracts running afoul of the rule void and

24 unenforceable.  *De Haviland v. Warner Bros. Pictures*, 67 Cal. App. 2d 225 (1944);

25

26

27

28

1  *Foxx v. Williams*, 244 Cal. App. 2d 223, 243 (1966); *de la Hoya v. Top Rank, Inc.*,

2  2001 WL 34624886 (C.D. Cal. Feb. 6, 2001).[1]

3       Moreover, as it now stands, the Court's interpretation runs afoul of California

4  contract law, and specifically *California Civil Code* section 1643: "*A contract must*

5  *receive such an interpretation as will make it lawful, operative*, definite, reasonable,

6  *and capable of being carried into effect*, if it can be done without violating the

7  intention of the parties." Cal. Civ. Code § 1643 (emphasis added).

8       Mr. Safinia bases the Motion on this Notice of Motion and Motion; the

9  attached Memorandum of Points and Authorities; the concurrently filed Declaration

10  of Aaron Perahia, and the exhibits thereto; all pleadings and papers on file in this

11  action, including ECF Nos. 134, 135, 138, and 183; such other evidence or argument

12  as may be presented to the Court; and such other matters of which this Court may

13  take judicial notice.

14       For the reasons set forth in the concurrently filed *ex parte* application, notice

15  of, and the grounds for, the Motion were provided to opposing counsel on March 25,

16  2019.

17

18  DATED:  March 26, 2019           QUINN EMANUEL URQUHART &
                                      SULLIVAN. LLP
19

20                                   By_____*/s/ Jeffrey D. McFarland*_____

21                                        Jeffery D. McFarland
                                         Shahin Rezvani
22                                       Aaron Perahia
                                         *Attorneys for Plaintiff and Counterclaim*
23                                       *Defendant Farhad Safinia*

24

25

26  _____

27  [1]  Copies of the relevant California statues and cases are attached as exhibits to
    the supporting declaration of Aaron Perahia.

28

1

## **TABLE OF CONTENTS**

**Page**

2

3   NOTICE OF MOTION AND MOTION .................................................................. 1

4   MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

5   INTRODUCTION ................................................................................................ 1

6   FACTS MATERIAL TO THE MOTION .............................................................. 2

7   ARGUMENT ...................................................................................................... 4

8   I.      THE COURT MAY PROPERLY RECONSIDER ITS RULING ................... 4

9   II.     CALIFORNIA HAS A STATED PUBLIC INTEREST IN
         RESTRICTING THE ENFORCEABILITY OF PERSONAL
10        SERVICES CONTRACTS TO NOT MORE THAN SEVEN YEARS .......... 4

11  III.    BY FAILING TO CONSIDER MATERIALS FACTS THE COURT
         ERRONEOUSLY RULED THE COA IS ENFORCEABLE LONG
12        PAST THE SEVEN-YEAR RULE .......................................................... 6

13  CONCLUSION .................................................................................................. 8

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page**

3

**Cases**

4

*Bryant v. Gonzalez,*
   2012 WL 6012868 (C.D. Cal. Nov. 28, 2012)..................................................4

*De Haviland v. Warner Bros. Pictures,*
   67 Cal. App. 2d 225 (1944)...............................................................1, 5, 8

*de la Hoya v. Top Rank, Inc.,*
   2001 WL 34624886 (C.D. Cal. Feb. 6, 2001)..........................................2, 5, 8

*Foxx v. Williams,*
   244 Cal. App. 2d 223 (1966)........................................................2, 5, 6, 8

*Parsons v. Bristol Dev. Co.,*
   62 Cal. 2d 861 (1965)........................................................................2

5

6

7

8

9

10

11

12

**Statutory Authorities**

13

Cal. Civ. Code § 1638.....................................................................2

Cal. Civ. Code § 1643...............................................................1, 2, 8

Cal. Lab. Code § 2855....................................................1, 4, 5, 6, 7, 8

14

15

16

17

**Rules and Regulations**

18

Local Rule 7-18 .....................................................................1, 2, 4

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

On March 20, 2019, the Court ruled in favor of Defendants and Counterclaimants, holding the 2007 Certificate of Authorship ("COA") signed by Plaintiff Farhad Safinia was not reasonably susceptible to differing meanings, but rather was enforceable and divested any rights Mr. Safinia could claim in his 2016 Screenplay entitled *The Professor and the Madman*.  But in so doing, the Court failed to consider material facts before it.  And, more importantly, by so doing, the Court made the COA -- a contract for Mr. Safinia's personal services -- extend far past the seven-year limit *California Labor Code* section 2855 imposes on such agreements, *rendering the COA void and unenforceable pursuant to California law and the State's stated policy interest in protecting individuals from providing personal services "in perpetuity."*

In opposing Defendants' motion, Mr. Safinia submitted the COA whose plain language recites he was to "to render writing services."  He also submitted averments from Vicki Christianson and himself which establish Mr. Safinia commenced work under the COA in 2007, and completed that work prior to leaving Icon's employ in 2009.

But the Court did not consider those facts.  Instead, it ruled the COA covered work Mr. Safinia did in 2016 -- more than seven years after the COA's execution and his commencement of work.  The Court's ruling renders the COA *void and unenforceable*, and courts interpreting *California Labor Code* section 2855 hold the defect is *not waivable* on account of California's state policy interest in protecting individuals from life-long employment contracts.

The Court's interpretation of the COA further flies in the face of California contract law which provides: "*A contract must receive such an interpretation as will make it lawful, operative*, definite, reasonable, *and capable of being carried into effect*, if it can be done without violating the intention of the parties." *Cal. Civ.*

1  *Code* § 1643 (emphasis added).  The Court should thus reconsider its ruling

2  pursuant to Local Rule 7-18, as the ruling cannot stand.  It is void, unenforceable,

3  and contrary to California substantive law.

4      Thus, the Court should grant the Motion for Reconsideration, vacate its order

5  on Defendants' motion for summary judgment (ECF No. 183), and enter a new and

6  different order denying Defendants' motion.

7      **Facts Material to the Motion**

8      On March 20, 2019, the Court issued its ruling granting Defendants' motion

9  for summary judgment and denying Mr. Safinia's motion for partial summary

10  judgment.  ECF No. 183.  To wit, the Court ruled:

11      The express language of the COA, however, does not limit its
12      application to only a single rewrite in 2007, nor provide that the COA
       would not apply to future writings by Plaintiff after 2007. Therefore,
13      the COA is not "reasonably susceptible" to the interpretation proffered
14      by Plaintiff. *See* Cal. Civ. Code § 1638 ("The language of a contract is
       to govern its interpretation, if the language is clear and explicit, and
15      does not involve an absurdity.");7 *Parsons v. Bristol Dev. Co.*, 62 Cal.
16      2d 861, 865 (1965) ("Extrinsic evidence is admissible to interpret the
       instrument, but not to give it a meaning to which it is not reasonably
17      susceptible.").
18

19  ECF No. 183.  Implicit in the Court's ruling is the finding that the COA is

20  enforceable against Mr. Safinia.

21      However, in opposing Defendants' motion for summary judgment, Mr.

22  Safinia submitted the COA and its text as evidence:

23      7.    The COA provided, among other things, that Airborne engaged
24      Mr. Safinia "to render writing services in connection with the pre-
       existing screenplay entitled 'The Professor and the Madman,'" and that
25      "the results and product of all such services [. . .] will be a 'work made
26      for hire'[.]"  **Support:** Safinia Decl., Exh. A.

27

28

8.     The COA limits the scope of Mr. Safinia's engagement to his writing services on the 2001 screenplay, which was the only "pre-existing screenplay" at the time:

> I, Farhad Safinia, hereby certify that I have been engaged by Airborne Productions, Inc. ("Company") to render writing services in connection with the pre-existing screenplay entitled "The Professor and the Madman" based on the book of the same name (the "Project").

**Support:** Safinia Decl., Exh. A.

9.     The COA then provides that any work Mr. Safinia creates *in connection with that engagement* would be deemed a work-made-for-hire and owned by Airborne:

> In connection therewith, I hereby represent, warrant and agree that (a) my services are rendered for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged; (b) the results and product of all such services, including, without limitation, all writings, notes, ideas, characters, situations, themes and plots I contribute in connection with the Project, (collectively, the "Work") are and will be deemed to have been specifically ordered or commissioned by Company for use as part of a motion picture or other audio visual work; (c) such results and product are and will be a "work made for hire" within the meaning of the United States Copyright Act; and (d) Company shall be deemed to be the author thereof and the owner of all rights therein and of all proceeds derived therefrom and in connection therewith, with the right to make such changes therein and such uses and disposition thereof, in whole or in part, as Company may from time to time determine as the author and owner thereof.

**Support:** Safinia Decl., Exh. A.

ECF No. 134-1 (Farhad Safinia's Statement of Genuine Disputes of Material Fact in Opposition to Defendants' Motion for Summary Judgment filed October 23, 2018) at 1:23-2:18; ECF No. 138 (Declaration of Farhad Safinia in Opposition to

Defendants' Motion for Summary Judgment filed October 23, 2018), ¶3 and Exh. A
thereto at 1, ¶1. Mr. Safinia also submitted evidence showing he completed a
revision of the then-existing screenplay before he left Icon in 2009:

> 13.    The revising took months, and he created several drafts along the
> way, but Mr. Safinia had finished the 2007 revision by the time he left
> Icon in 2009. **Support:** Safinia Decl. ¶4

ECF No. 134-1 (Statement of Genuine Issues) at 2:19-21; ECF No. 138 (10/23/18
Safinia Decl.) ¶4; ECF No. 135 (Declaration of Vicki L. Christianson filed October
23, 2018), ¶4.

<u>**Argument**</u>

I.    <u>THE COURT MAY PROPERLY RECONSIDER ITS RULING</u>

Local Rule 7-18 expressly authorizes the Court to reconsider its ruling when
there exists "a manifest showing of a failure to consider material facts presented to
the Court before such decision." Although reconsideration is not common, it is not
unheard of, either. *See, e.g., Bryant v. Gonzalez*, 2012 WL 6012868, at *1 (C.D.
Cal. Nov. 28, 2012).

II.   <u>CALIFORNIA HAS A STATED PUBLIC INTEREST IN RESTRICTING
      THE ENFORCEABILITY OF PERSONAL SERVICES CONTRACTS TO
      NOT MORE THAN SEVEN YEARS</u>

*California Labor Code* section 2855, which expresses the State's interest in
preventing a contract for personal services to extend beyond seven years, provides:

> Except as otherwise provided in subdivision (b), *a contract to render
> personal service*, other than a contract of apprenticeship as provided in
> Chapter 4 (commencing with Section 3070), *may not be enforced
> against the employee beyond seven years from the commencement of
> service under it.* Any contract, otherwise valid, to perform or render
> service of a special, unique, unusual, extraordinary, or intellectual
> character, which gives it peculiar value and the loss of which cannot be
> reasonably or adequately compensated in damages in an action at law,
> may nevertheless be enforced against the person contracting to render

1      the service, for a term not to exceed seven years from the
2      commencement of service under it. If the employee voluntarily
3      continues to serve under it beyond that time, the contract may be
     referred to as affording a presumptive measure of the compensation.
4

5 *Cal. Labor Code* § 2855(a) (emphasis added).  Indeed the State's interest in

6 forbidding "perpetual" contracts for personal services is so important California

7 courts have ruled the protections of *Labor Code* section 2855 are not waivable. *De*

8 *Haviland v. Warner Bros. Pictures*, 67 Cal. App. 2d 225, 237 (1944) ("The

9 limitation of the life of personal service contracts and the employee's rights

10 thereunder *could not be waived*.") (emphasis added); *see also de la Hoya v. Top*

11 *Rank, Inc.*, 2001 WL 34624886, at *14 (C.D. Cal. Feb. 6, 2001) ("The right

12 conferred by section 2855(a) is created in the public interest and is not waivable,

13 directly or indirectly. [….]  De La Hoya has been continuously obligated to provide

14 such services to Top Rank for more than seven years.  To bind him to Top Rank any

15 longer would violate section 2855(a).  Therefore, the Top Rank Contract between

16 De La Hoya and Top Rank is void and unenforceable.") (applying California law).

17 Thus, an agreement purporting to bind a person past seven years is void and

18 unenforceable. *De Haviland*, 67 Cal. App. 2d at 238; *de la Hoya*, *supra*.

19      Indeed, such a contract remains void and unenforceable even if it does not

20 require the person's continuous, full-time service. *Foxx v. Williams*, 244 Cal. App.

21 2d 223, 243 (1966).  In that case, the California Court of Appeal held:

22      We are mindful that this contract did not call for full-time employment,
23      and that the greater part of Foxx' time was devoted to his other calling
     as a night-club entertainer.  Although this fact may to some extent
24      dilute the policy considerations discussed in the *DeHavilland* opinion
25      (67 Cal. App. 2d at p. 235, 153 P.2d 983), the statute makes no
     distinction between full-time and part-time employment.
26

27 *Foxx*, 244 Cal. App. 2d at 242.  The *Foxx* court went to hold "[a]lthough Foxx'

28 contract did not require his continuous performance, the relationship of the parties,

1  as shown by the evidence, compels the conclusion that this is a 'contract to render

2  personal service' which is subject to the seven-year limitation." *Id.* at 243.

3  III.   BY FAILING TO CONSIDER MATERIALS FACTS THE COURT

4       ERRONEOUSLY RULED THE COA IS ENFORCEABLE LONG PAST

5       THE SEVEN-YEAR RULE

6        In opposing Defendants' motion for summary judgment, Mr. Safinia

7  submitted the COA and its text as evidence:

8        7.     The COA provided, among other things, that Airborne engaged
9        Mr. Safinia "to render writing services in connection with the pre-
         existing screenplay entitled 'The Professor and the Madman,'" and that
10       "the results and product of all such services [. . .] will be a 'work made
11       for hire'[.]" **Support:** Safinia Decl., Exh. A.

12
         8.     The COA limits the scope of Mr. Safinia's engagement to his
13       writing services on the 2001 screenplay, which was the only "pre-
14       existing screenplay" at the time:

15            I, Farhad Safinia, hereby certify that I have been engaged by
16            Airborne Productions, Inc. ("Company") to render writing
              services in connection with the pre-existing screenplay entitled
17            "The Professor and the Madman" based on the book of the same
18            name (the "Project").

19       **Support:** Safinia Decl., Exh. A.

20
         9.     The COA then provides that any work Mr. Safinia creates *in*
21       *connection with that engagement* would be deemed a work-made-for-
22       hire and owned by Airborne:

23            In connection therewith, I hereby represent, warrant and agree
24            that (a) my services are rendered for good and valuable
              consideration, the receipt and sufficiency of which are hereby
25            acknowledged; (b) the results and product of all such services,
26            including, without limitation, all writings, notes, ideas,
              characters, situations, themes and plots I contribute in connection
27            with the Project, (collectively, the "Work") are and will be
28

1   deemed to have been specifically ordered or commissioned by
2   Company for use as part of a motion picture or other audio visual
3   work; (c) such results and product are and will be a "work made
    for hire" within the meaning of the United States Copyright Act;
4   and (d) Company shall be deemed to be the author thereof and
5   the owner of all rights therein and of all proceeds derived
6   therefrom and in connection therewith, with the right to make
    such changes therein and such uses and disposition thereof, in
7   whole or in part, as Company may from time to time determine
8   as the author and owner thereof.

9   **Support:** Safinia Decl., Exh. A.

10   ECF No. 134-1 (Farhad Safinia's Statement of Genuine Disputes of Material Fact in

11   Opposition to Defendants' Motion for Summary Judgment filed October 23, 2018)

12   at 1:23-2:18; ECF No. 138 (Declaration of Farhad Safinia in Opposition to

13   Defendants' Motion for Summary Judgment filed October 23, 2018), ¶3 and Exh. A

14   thereto at 1, ¶1. Mr. Safinia also submitted evidence showing he completed a

15   revision of the then-existing screenplay before he left Icon in 2009:

16   13.   The revising took months, and he created several drafts along the
17   way, but Mr. Safinia had finished the 2007 revision by the time he left
     Icon in 2009. **Support:** Safinia Decl. ¶4
18

19   ECF No. 134-1 (Statement of Genuine Issues) at 2:19-21; ECF No. 138 (10/23/18

20   Safinia Decl.) ¶4; ECF No. 135 (Declaration of Vicki L. Christianson filed October

21   23, 2018), ¶4.

22   Had the Court considered the foregoing facts, it would have understood the

23   COA is a contract to render personal service within the meaning of *Labor Code*

24   section 2855(a), meaning the only reasonable interpretation of the COA is it does

25   *not* cover work done by Mr. Safinia in 2016 -- *more than seven after its execution.*

26   And had the Court considered the averments about Mr. Safinia leaving Icon's

27   employ in 2009, it would recognized the conduct of the parties to the COA supports

28   an interpretation which would keep the COA from being void and unenforceable.

1   But as it stands now, the Court has ruled the COA is enforceable, and

2   consequently Mr. Safinia has no right to claim copyright ownership.  ECF No. 183

3   at 9:8-16, 10:12-17.  As a further consequence, the Court has cleared the way for the

4   counterclaim of breach of the COA to be tried to a jury.  But the Court is in error,

5   per *Labor Code* Section 2855(a), *De Haviland*, *Foxx*, and *de la Hoya*, *supra*.

6   Moreover, the Court's ruling runs afoul of *California Civil Code* section 1643: "*A*

7   *contract must receive such an interpretation as will make it lawful, operative,*

8   definite, reasonable, *and capable of being carried into effect*, if it can be done

9   without violating the intention of the parties."  *Cal. Civ. Code* § 1643 (emphasis

10  added).  Here, the Court's construction of the COA makes the agreement *unlawful*.

11                                    **Conclusion**

12          For the reasons above, Mr. Safinia respectfully requests the Court grant the

13  Motion for Reconsideration, vacate its order on Defendants' motion for summary

14  judgment (ECF No. 183), and enter a new and different order denying Defendants'

15  motion.

16

17  DATED: March 26, 2019          QUINN EMANUEL URQUHART &
                                   SULLIVAN. LLP
18

19

20          By_____ */s/ Jeffrey D. McFarland*
                   Jeffery D. McFarland
21                 Shahin Rezvani
                   Aaron Perahia
22                 *Attorneys for Plaintiff and Counterclaim
                   Defendant Farhad Safinia*

23

24

25

26

27

28

                                         -8-        Case No. 2:17-cv-06902-CBM (RAOx)

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA

11

WESTERN DIVISION

12

FARHAD SAFINIA, an individual,

13

Plaintiff,

14

vs.

15

VOLTAGE PICTURES, LLC,  a
California limited liability company;

16

VOLTAGE PRODUCTIONS, LLC, a
Nevada limited liability company;

17

CHRISTCHURCH PRODUCTIONS
DAC, an Ireland designated activity

18

company; NICOLAS CHARTIER, an
individual; and DOES 1 through 100,

19

inclusive,

20

21

Defendants,

22

AND RELATED COUNTERCLAIM.

Case No. 2:17-cv-06902-CBM (RAOx)

**[PROPOSED] ORDER GRANTING
PLAINTIFF FARHAD SAFINIA'S
MOTION FOR
RECONSIDERATION**

[Proposed] Date:    April 16, 2019
[Proposed] Time:    2:30 p.m.
Courtroom:             8B

Judge: Hon. Consuelo B. Marshall

23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**[PROPOSED] ORDER**

On March 26, 2019, Plaintiff and Counterclaim Defendant Farhad Safinia filed a Notice of Motion and Motion for Reconsideration (the "Motion") of the Court's Order on Defendants' motion for summary judgment and Mr. Safinia's motion for partial summary judgment (ECF No. 183) (the "Order").

The Court, having considered Mr. Safinia's Motion and good cause having been shown, GRANTS the Motion. The Order is hereby VACATED, and Defendants' motion for summary judgment (ECF No. 129) is hereby DENIED.

**IT IS SO ORDERED.**

DATED: April     , 2019

_____
The Honorable Consuelo B. Marshall
United States District Court Judge